IN RE GUARDIANSHIP OF WONDERLY ET AL., MINORS.

[Cite as In re Wonderly (1984), 10 Ohio St. 3d 40.]

(No. 83-290—Decided April 4, 1984.)

*Messrs. Weaner, Hutchinson, Zimmerman & Bacon, Mr. John E. Zimmerman* and *Mr. Stanley J. Yoder,* for appellees.
*Mr. William D. Dauterman,* for appellant.

*Per Curiam.* The question presented in the instant appeal is whether, under the circumstances of the case at bar, appellees are entitled to legal expenses from the estates of the minors.

R.C. 2111.13 states in part:

"When a guardian is appointed to have the custody and maintenance of a ward and to have charge of the education of such ward, if such ward is a minor, his duties are:

"(A) To protect and control the person of his ward;

"(B) To provide suitable maintenance for his ward when necessary, which must be paid out of the estate of such ward upon the order of the guardian of the person of such ward;

"(C) To provide such maintenance and education for such ward as the amount of his estate justifies when the ward is a minor and has no father or mother * * *;

"(D) To obey all the orders and judgments of the probate court touching the guardianship."

Further, R.C. 2111.14 provides in part:

"In addition to his other duties, every guardian appointed to take care of the estate of a ward shall have the following duties:

"* * *

"(B) To manage the estate for the best interest of his ward;

"(C) To pay all just debts due from such ward out of the estate in his hands, collect all debts due to the ward, compound doubtful debts, and appear for and defend, or cause to be defended, all suits against his ward;

"(D) To obey all orders and judgments of the courts touching the guardianship;

"(E) To bring suit for his ward when such suit is for the best interests of such ward; * * *"

It follows that a guardian of the estate of a minor or of the ward may employ legal counsel to initiate or defend a lawsuit on behalf of the estate or ward and that the attendant legal expenses, including attorney fees and court costs, may be recovered by the guardian from the assets of the estate. See, *e.g.,* R.C. 2113.36. However, any legal expenses incurred by the guardian of the person or of the estate must directly benefit the estate or the ward in order to be chargeable to the estate. *In re Guardianship of Webb* (1967), 11 Ohio Misc. 21, 24 [40 O.O.2d 97]; *In re Guardianship of Lloyd* (1964), 8 Ohio App. 2d 223 [32 O.O.2d 128].

The court of appeals below reasoned as follows:

"Any time guardians of the persons of incompetent wards are appointed the appointment is constructively for their benefit whether they deem it so or not. In attempting to gain custody or control of the persons of the minors the Wonderlys [appellees herein] were merely executing a trust imposed upon them by law and are entitled to reimbursement for their necessary and reasonable expenditures for legal services involved."

We do not agree. Absent a specific demonstration that the actions are beneficial to the estate or ward, a guardian may not be reimbursed from the estate for legal expenses incurred in proceedings relating solely to the determination of whether the guardian may serve in that capacity. In the present case, appellees offered no evidence whatsoever that the proceedings initiated by them were beneficial to the minors or their estates.

We conclude therefore that appellees instituted the proceedings to terminate the Herschbergers' guardianship at their own expense and peril. It is of no consequence that, for a time, appellees succeeded in terminating the existing guardianship and were themselves appointed guardians of the persons of the minors. The simple exchange of guardians, absent a showing of a direct benefit to the estate, does not constructively benefit the minors or their estates. As a consequence, no justification exists in the record before us for ordering appellant, as guardian of the minors' estates, to pay the legal expenses incurred by appellees out of the estates of the minors.

Accordingly, the judgment of the court of appeals in this regard is reversed and judgment is entered for appellant.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and WISE, JJ., concur.

HOLMES, J., concurs in part and dissents in part.

WISE, J., of the Fifth Appellate District, sitting for J. P. CELEBREZZE, J.

HOLMES, J., concurring in part and dissenting in part. I concur in that portion of the majority opinion which denies counsel fees in the proceedings commenced by the Wonderlys in the state of Indiana. I must dissent, however, from that portion of the opinion which reaches the same conclusion as to the fees incurred in the litigation which was initiated in the Probate Court of Defiance County.

It would seem reasonable that even though not specifically provided for by statute, the guardian of the person of a ward should be able to bring and defend legal actions which relate to the maintenance, support and welfare of the ward. This would be a desirable, if not necessary, power of the guardian to protect the best interests of the ward in the same manner as is the right of the guardian of the estate to bring and defend suits in order to protect the estate. See R.C. 2111.14.

Whether a guardian may employ legal counsel and have counsel fees paid out of the estate of the ward should be answered in light of the facts in each case. Generally, if such legal services directly inure to the benefit of the ward and his estate, the guardian of the estate may employ legal counsel for such purpose. See 49 Ohio Jurisprudence 3d (1984) 94, Section 29, and cases cited therein. In like manner, if the action is brought or defended on behalf of the ward, or the legitimate business of the guardianship, legal counsel and attendant fees should be allowed upon application of the guardian of the person of the ward. See 39 American Jurisprudence 2d (1968) 82, Guardian and Ward, Section 97, and cases cited therein.

Approval by the probate court of the contract employing legal counsel must be obtained in order to bind the ward or his estate, since R.C. 2111.13 provides that, "[n]o part of the ward's estate shall be used for the support, maintenance, or education of such ward unless ordered and approved by the court." However, it is not necessary that the court's order approving legal counsel and their fees be made prior to the rendition of such services, as an order made subsequent thereto would normally be a compliance therewith. See *In re Burns* (App. 1948), 52 Ohio Law Abs. 134, 136. The probate court may consider the matter of legal counsel and attendant fees when it is brought before the court on motion therefor. In addition, the court may consider the matter upon exceptions to an accounting, the question then being whether or not the legal services and fees therefor were reasonable under the circumstances. See *In re Tillman* (P.C. 1956), 73 Ohio Law Abs. 534, 540.

Turning to the factual stance of this case, it is important to note that the Probate Court of Defiance County had jurisdiction over the subject matter of the guardianships. Therefore, the court's order removing the Herschbergers as guardians of the persons and estates of Scott and Heidi, and appointing the Wonderlys as successor guardians, was voidable and not void. The order

remained valid until this court overturned it in *In re Wonderly* (1981), 67 Ohio St. 2d 178 [21 O.O.3d 111]. The probate court accordingly properly modified its prior order in the later order of August 24, 1981 in such regard.

A guardian has the duty, pursuant to R.C. 2111.06, to protect and control the person of his ward, and the guardian is required, by R.C. 2111.13(D), "[t]o obey all the orders and judgments of the probate court touching the guardianship." Thus, it is reasonable that the guardian would, upon receipt of appointment by judgment and order of the probate court, use all lawful means to sustain upon appeal his position as guardian of the minors as ordered by the court.

I believe that the order of appointment had clothed the Wonderlys with a color of authority to act within reasonable means to maintain their fiduciary position which had been ordered by the court. Although the appeals of the Ohio case were not directly beneficial to the wards, such were carried out in response to the appointment of the Wonderlys. Any payment of fees for such pursuits was reasonably within the purview of the probate court upon later motion by the guardians for reimbursement.

Since the record is devoid of evidence which substantiates the necessity of the services rendered by legal counsel, the judgment of the court of appeals should be reversed and this cause remanded to determine the appropriate and reasonable attorney fees for services rendered in the Ohio appeals.