**In re GUARDIANSHIP OF RIDER.**

[Cite as *In re Guardianship of Rider* (1990), 68 Ohio App.3d 709.]

Court of Appeals of Ohio,
Huron County.

No. H–89–40.

Decided July 27, 1990.

*William A. Garrett*, for appellant Joan Shreve.

*Paul L. Carpenter*, for appellee Citizens National Bank.

*Per Curiam.*

This matter is before the court on appeal from a judgment of the Huron County Court of Common Pleas, Probate Division, which awarded attorney fees in the amount of $9,702 to Paul L. Carpenter, the attorney employed by the guardian of Wesley Rider.

The facts of the case are as follows. Appellant Joan Shreve was appointed as guardian of her brother Wesley Rider, who was seriously injured in an automobile-pedestrian accident on June 27, 1984. On September 27, 1987, Shreve resigned as guardian. Subsequently, in December 1987, the Citizens

National Bank was appointed guardian and is presently serving in that capacity.

On July 11, 1989, Carpenter presented his statement in the amount of $9,702 for services rendered as attorney for the guardian for the period from April 26, 1988 through June 9, 1989. The bill was for ninety-six hours at $100 per hour plus costs advanced of $102. A large portion of Carpenter's compiled time was spent defending the estate from a claim, filed May 20, 1988, in the amount of $30,000 (reduced to $25,000) for guardianship fees by the former guardian Shreve, the appellant in this matter. The trial court awarded Shreve $1,050 in fees, which was affirmed on appeal. *In re Guardianship of Rider* (June 9, 1989), Huron App. No. H–88–21, unreported, 1989 WL 61690.

On behalf of the ward, Shreve objected to the attorney fees Carpenter claimed in the trial court. On August 1, 1989, a hearing was held. The probate court approved Carpenter's motion for compensation and fees and entered judgment on August 2, 1989, in the amount of $9,702.

It is from the August 2, 1989 judgment that the appellant has timely appealed, setting forth the following assignment of error:

"The trial court's award of attorney fees to the attorney for the guardianship in the amount of $9,702.00 is totally excessive and an abuse of discretion."

R.C. 2111.14 lists a guardian's duties in the administration of a ward's estate. From those duties the Supreme Court of Ohio has determined that a guardian of the estate of a ward may employ legal counsel and reasonable attorney fees shall be allowed as part of the expenses of administration. See, *e.g.,* R.C. 2113.36; *In re Wonderly* (1984), 10 Ohio St.3d 40, 42, 10 OBR 304, 305, 461 N.E.2d 879, 881. "However, any legal expense incurred by the guardian of the person or the estate must directly benefit the estate or the ward in order to be chargeable to the estate." *Id.* at 42, 10 OBR at 305, 461 N.E.2d at 881.

Pursuant to C.P. Sup.R. 40, the probate division of the court of common pleas has discretionary power with regard to authorizing payment of attorney fees. "Whether or not such expenses are necessary or beneficial to the ward's interest is squarely within the exercise of the court's discretion." *In re Guardianship of Escola* (1987), 41 Ohio App.3d 42, 47, 534 N.E.2d 866, 872.

C.P.Sup.R. 40 further states that:

"(A) Attorney fees relative to all matters shall be governed by The Code of Professional Responsibility, DR–2–106.

" * * *

"(H) The Court does not have, nor is there recognized, any minimum or maximum fees which will automatically be approved by the Court.  * * * "

■ Even though the allowance of attorney fees is discretionary with the probate court, the court's determination is still subject to review. *In re Jaymes* (App.1935), 18 Ohio Law Abs. 613. The probate court's determination, however, will only be reversed upon a finding of abuse of discretion. "Abuse of discretion connotes more than an error of law; it implies that the court's attitude was unreasonable, arbitrary or unconscionable." *Worthington v. Worthington* (1986), 21 Ohio St.3d 73, 21 OBR 371, 488 N.E.2d 150.

■ Carpenter was principally employed by the Citizens National Bank to defend a claim initiated by Shreve for guardianship fees in the reduced amount of $25,000.  In consideration of the Ohio Supreme Court's ruling in *In re Wonderly, supra*, the Citizens National Bank could employ Carpenter to defend a claim against the estate and recover the legal expenses for such services and court costs from the estate.  We therefore must ask whether the legal expenses incurred were directly beneficial to the ward and whether the fees charged were reasonable under the Code of Professional Responsibility, DR 2–106.

It is axiomatic that the estate was directly benefited by defending against a lawsuit that reduced the balance by only $1,050 (the award the court granted Shreve) instead of the $25,000 prayed for.

Next, pursuant to C.P.Sup.R. 40, the reasonableness of the amount charged by the attorney, with no restrictions placed on the court as to minimum and maximum, is guided by the factors contained in DR 2–106(B).  DR 2–106(B) states that, along with other factors, "the time and labor required" and "the fees customarily charged in the locality for similar services" are guidelines the court can take into consideration when determining the reasonableness of fees.  In the case at bar, the probate court found, upon adding up the time slips of Carpenter, that he actually worked 98.9 hours, which exceeds the ninety-six hours he actually billed.  The court also heard testimony from Walter Goetz, President of Citizens National Bank and head of the Trust Department, that the $100 per hour rate charged was reasonable for the services performed.  Therefore, pursuant to the guidelines in DR 2–106, we find that the trial court had evidence before it that the fee charged by Carpenter was reasonable.

Shreve complains that the court abused its discretion and that the $9,702 fee is excessive in light of the current estate balance of $17,000.  As stated in *In re Parrett* (1949), 86 Ohio App. 162, 166, 41 O.O. 20, 22, 90 N.E.2d 425, 428:

"We are not unmindful that the compensation allowed when compared to the value of the estate seems excessive; nevertheless, the courts very properly compensate their fiduciaries for services legally rendered in the interest of the estate or trust even though a substantial part of a very small estate is thus consumed. With respect to the reasonableness of the compensation allowed, each case must be determined on its own merits."

Because the decision to authorize attorney fees is discretionary, absent a showing of abuse of discretion the trial court's decision will not be disturbed by a reviewing court. *In re Guardianship of Escola, supra,* 41 Ohio App.3d at 47, 534 N.E.2d at 872.

This court finds that there is no evidence of abuse of discretion on the part of the trial court. Accordingly, Shreve's assignment of error is not well taken.

*Judgment affirmed.*

HANDWORK, P.J., GLASSER and ABOOD, JJ., concur.