**BROWN, Appellant,**

v.

**HAFFEY, Appellee.**

[Cite as *Brown v. Haffey* (1994), 96 Ohio App.3d 724.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66004.

Decided Sept. 6, 1994.

*Jane M. Varga,* for appellant.

*Bernard, Haffey & Bohnert Co., L.P.A., J. Ross Haffey* and *Kathleen Honohan,* for appellee.

---

DYKE, Judge.

Appellant, Helen M. Brown, appeals a judgment of the Probate Court which granted $3500 in attorney's fees to J. Ross Haffey, appellee herein, who represented appellant's guardian, Paul Kavanaugh, Esq., during hearings held in response to appellant's *pro se* motion to terminate guardianship.

In two assignments of error, appellant claims that the court should have denied fees because appellee failed to demonstrate that his services were of direct benefit and because appellant's guardian failed to secure prior approval to employ counsel. Upon review, we find appellant's assignments of error to be without merit. The judgment of the probate court is affirmed.

Paul K. Kavanaugh was appointed guardian of the person and the estate of the appellant on December 5, 1979, pursuant to a court-ordered psychiatric examination indicating mental incompetency due to organic brain syndrome, a condition described as irreversible. During the twelve-year period of Kavanaugh's guardianship, appellant's estate grew from $1,876,760 to $3,878,595.

On November 14, 1990, appellant filed a motion to terminate guardianship. On February 13, 1991, the court held a hearing wherein appellee cross-examined witnesses called by the appellant, including the appellant herself. The transcript demonstrates that appellant was fully aware of the purpose of the hearing, that she was pleased with her guardian's management and that she wished to maintain his management with respect to her real estate holdings. Appellant stated however, that she desired (1) to terminate the guardianship to increase her decisionmaking power and (2) to regain the ability to manage her stock portfolio herself. Appellant's response to questioning was rational and coherent. On occasion, however, her testimony became unresponsive and slightly rambling. At the close of the hearing, the court ordered a psychiatric examination. The examination indicated "insufficient evidence to support the need for a guardianship based upon mental disability."

On July 16, 1991, the court terminated appellant's guardianship and appointed a conservator. Appellee filed an application for fees which the referee denied, finding appellee's services to be of only incidental benefit. Appellee objected, arguing that the referee's report effectively denied a licensed attorney the right to obtain counsel to protect his appointment and the assets of the estate and that his retention was necessary as the Code of Professional Responsibility, DR 5-102(A), prohibited appellant's guardian from serving as both counsel and potential witness in this matter. The court sustained appellee's objections and granted fees. The instant appeal followed.

I

"Whether the trial court erred in granting the movant's request for the payments of fees for the legal expenses incurred by Paul K. Kavanaugh where the services were incurred solely to determine whether or not Paul K. Kavanaugh would continue to serve as guardian and where the movant failed to demonstrate that the services rendered were beneficial to the estate or to the ward."

■ In her first assignment of error, appellant, relying on *In re Guardianship of Wonderly* (1984), 10 Ohio St.3d 40, 10 OBR 304, 461 N.E.2d 879, argues that fees should have been denied because they were incurred solely to continue the guardianship and because appellee's services were of no benefit. Appellant's argument fails for three reasons.

First, appellant's counsel presented no evidence below to suggest that Kavanaugh incurred expenses solely to continue his guardianship. Appellant's counsel, who also represents her on appeal, had two opportunities to raise the issue of Kavanaugh's motives. Counsel could have filed an objection to appellee's representation immediately upon notice of same pursuant to R.C. 2111.13(C).[1] Counsel could also have called Kavanaugh to the stand to examine him with respect to this allegation. Since counsel failed to object to appellee's representation and also failed to raise the issue of Kavanaugh's motivation below, she is precluded from doing so on appeal. *Hungler v. Cincinnati* (1986), 25 Ohio St.3d 338, 25 OBR 392, 496 N.E.2d 912.

■ Second, appellant's counsel relies upon authority which is off point. In *Wonderly,* legal fees were incurred when grandparents, prohibited from custody by the explicit terms of their son's will, employed counsel to challenge a

---

1. R.C. 2111.13 provides:

"(C) A guardian of the person may authorize or approve the provision to his ward of medical, health or other professional care, counsel, treatment, or services unless the ward or an interested party files objections with the probate court, or the court, by rule or order, provides otherwise."

guardianship which remained lawfully in force in Indiana for over nine years. The Supreme Court of Ohio denied fees, holding that:

"Absent a specific demonstration that the actions are beneficial to the estate or ward, a guardian may not be reimbursed from the estate for legal expenses incurred *in proceedings relating solely to the determination of whether the guardian may serve in that capacity.*" (Emphasis added.)

In *Wonderly,* the primary purpose of the grandparent's action was to establish a prohibited guardianship. The facts and circumstances of *Wonderly* are too extreme to be applicable to the instant case. Particularly in light of the fact that appellant made no attempt to allege or prove improper motive below. Without such affirmative evidence, this court must assume that appellant's guardian acted in good faith and employed counsel to make himself available to testify and to better determine the issue of appellant's competency.

■ Third, appellant's argument disregards the fact under DR 5–102(A),[2] an attorney/guardian seeking to contest a motion to terminate has no choice but to retain counsel to do so.

■ In the instant case, the probate court granted fees based upon appellee's argument that his services were necessary, proper and performed for the benefit of the guardianship. We find evidence in the record to support appellee's assertion of direct benefit.

First, appellant's guardian, pursuant to R.C. 2111.14, was obligated to protect the appellant and her estate until the court declared her competent. By retaining counsel, appellant's guardian enabled the appellant and the court to call him as a witness.

■ Second, R.C. 2111.49(C) (effective Jan. 1, 1990) shifts the burden of proving competency from the ward to the guardian. Hence, guardians who possess a good faith belief that termination is not in the best interest of the ward or the estate now have to testify should they wish to prove continuing incompetency by clear and convincing evidence. The record demonstrates that the appellee and appellant's guardian had reservations regarding appellant's competency. These reservations were not entirely unfounded. The appellant was ninety-one years old when she moved for termination and had suffered several strokes. While advanced age has been removed from the statutory definition of incompetency, it can remain a consideration. Also, the court ordered a psychiatric examination even after hearing the appellant, her physician and her daily companion testify.

---

**2.** DR 5–102(A) mandates withdrawal as counsel when an attorney becomes a witness in pending litigation concerning his client.

Third, appellee's cross-examination of witnesses provided the court with information from an alternative perspective. Appellee's cross-examination tested the observations of appellant's physician and her companion, thereby providing the court with a more complete picture of appellant's daily activities, the influences in her life and her interactions. It is understandable that the appellant may view appellee's services as a threat or an obstacle. However, we cannot say, on this record, that appellee's services were not of benefit as the court was able to make its determination based upon hearings which addressed both sides of the issue of appellant's competency.

"R.C. 2111.14 lists a guardian's duties in the administration of a ward's estate. From those duties the Supreme Court of Ohio has determined that a guardian of the estate of a ward may employ legal counsel and reasonable attorney fees shall be allowed as part of the expenses of administration. See, *e.g.*, R.C. 2113.36; *In re Wonderly* (1984), 10 Ohio St.3d 40, 42, 10 OBR 304, 305, 461 N.E.2d 879, 881. 'However, any legal expense incurred by the guardian of the person or the estate must directly benefit the estate or the ward in order to be chargeable to the estate.' *Id.* at 42, 10 OBR at 305, 461 N.E.2d at 881.

"Pursuant to C.P.Sup.R. 40, the probate division of the court of common pleas has discretionary power with regard to authorizing payment of attorney fees. 'Whether or not such expenses are necessary or beneficial to the ward's interest is squarely within the exercise of the court's discretion.' *In re Guardianship of Escola* (1987), 41 Ohio App.3d 42, 47, 534 N.E.2d 866, 872.

" * * *

"Even though the allowance of attorney fees is discretionary with the probate court, the court's determination is still subject to review. *In re Jaymes* (App. 1935), 18 Ohio Law Abs. 613. The probate court's determination, however, will only be reversed upon a finding of abuse of discretion. 'Abuse of discretion connotes more than an error of law; it implies that the court's attitude was unreasonable, arbitrary or unconscionable.' *Worthington v. Worthington* (1986), 21 Ohio St.3d 73, 21 OBR 371, 488 N.E.2d 150." *In re Guardianship of Rider* (1990), 68 Ohio App.3d 709, 711–712, 589 N.E.2d 465, 466–467.

For the foregoing reasons, the court's award of fees did not constitute an abuse of discretion. Appellant's first assignment of error is overruled.

## II

"Whether the trial court erred in granting movant's request for payment of fees where the guardian failed to obtain approval of the court to employ legal counsel in order to bind the ward or her estate to pay for the legal services rendered."

■ Appellant claims that the express language of R.C. 2111.13(B) mandates a guardian to seek court approval prior to employing legal counsel. We find appellant's argument to be unpersuasive.

R.C. 2111.13(B) provides in relevant part that:

"[N]o part of the ward's estate shall be used for the support, maintenance, or education of such ward unless ordered and approved by the court."

A cursory reading of the above-cited statute demonstrates that it is silent with respect to *when* an order or approval for support, maintenance or education must be obtained from the court. While guardians must obtain prior approval for contingency fee contracts,[3] appellant cites no case law to support her assertion that prior approval is required in this case.

C.P.Sup.R. 40, Probate Division of the Court of Common Pleas, dealing with counsel fees, provides that:

"(A) Attorney fees relative to all matters shall be governed by The Code of Professional Responsibility, DR–2–106.

" * * *

"(G) An application shall be filed for the allowance of counsel fees for services rendered to a guardian, trustee, or other fiduciary. * * * The application shall set forth a statement of *the services rendered* and the amount claimed in conformity with Paragraph A." (Emphasis added.)

We find that the local rules envision an application for fees after they have been incurred. The ward's estate is protected by the discretionary power of the court to determine that expenses were incurred in good faith and that they were reasonable, necessary and beneficial. Absent a showing of legal error or an abuse of that discretion, we shall not disturb the probate court's judgment. See *Rider, supra.*

■ We note however, that appellant's guardian, as a fiduciary, had two procedural paths open to him upon receipt of notice of appellant's motion. Appellant's guardian could have contested the motion, as he did, or he could have ordered a psychiatric examination. We feel the latter response would have been the better choice in this case.

Appellant's second assignment of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

MATIA, P.J., and WEAVER, J., concur.

---

3. See *In re Patrick* (1991), 66 Ohio App.3d 415, 584 N.E.2d 86.