**In re GUARDIANSHIP OF KUFCHAK.**

[Cite as *In re Guardianship of Kufchak* (1998), 126 Ohio App.3d 428.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 2781–M.

Decided Feb. 25, 1998.

*Mary Jo Morse,* for appellant.

*Robert B. Campbell,* for appellee.

REECE, Judge.

Appellant, Stephanie Kufchak, guardian of the estate of minor Jeffry Vincent Kufchak, appeals from the decision of the Medina County Probate Court ordering the estate to pay the attorney fees of appellee, attorney Robert Campbell. We reverse.

Jeffry Vincent Kufchak was named the beneficiary of a life insurance policy issued to his father. Upon his father's death, Jeffry, a minor, received the proceeds from that policy. Jeffry's mother, Stephanie Kufchak, then applied to the Medina County Probate Court to be appointed guardian of Jeffry's estate. Geoffry Kufchak, Jeffry's paternal grandfather, made a competing application to be appointed guardian of Jeffry's estate. Attorney Robert Campbell provided legal services to Geoffry Kufchak in pursuit of the appointment.

On September 11, 1996, in an agreed journal entry, the probate court appointed Stephanie Kufchak as guardian of her son Jeffry's estate. In that entry, the probate court set out investment plans for the estate, as well as requirements for the guardian's administration of the estate. Campbell withdrew as counsel for Geoffry Kufchak on October 4, 1996. On March 12, 1997, Campbell sought an order from the probate court requiring Jeffry's estate to pay his attorney fees for representation of Geoffry Kufchak. The guardian objected to payment of the fees. On October 6, 1997, the probate court, without offering any reasons for its decision, ordered that Campbell's attorney fees be paid from Jeffry's estate. The guardian timely appealed the decision to this court.

The guardian presents the following assignment of error for our review:

"The trial court's order granting [Campbell's] application for the estate of minor Jeffry Kufchak to pay the legal debt owed by third-party Geoffrey [*sic*] Kufchak to [Campbell] is in contravenience [*sic*] with R.C. 2111.14 and is a reversible error."

We find this assignment of error well taken.

In his application to the probate court for payment of the attorney fees, Campbell maintained that such payment was governed by R.C. 2111.14. R.C. 2111.14 provides in part:

"In addition to his other duties, every guardian appointed to take care of the estate of a ward shall have the following duties: * * *

"(C) To pay all just debts due from the ward out of the estate in his hands[.]"

Campbell asserted that R.C. 2111.14 "provides that the guardian of the estate shall pay from the estate assets any expense that directly benefits the estate or the ward." Campbell based this assertion upon the decision of the Ohio Supreme Court in *In re Wonderly* (1984), 10 Ohio St.3d 40, 10 OBR 304, 461 N.E.2d 879.

■ Campbell misunderstands the holding of *Wonderly* as it applies to the case at bar. In *Wonderly*, the Supreme Court held that "[a]bsent a specific demonstration that the actions are beneficial to the estate or ward, a *guardian* may not be reimbursed from the estate for legal expenses incurred in proceedings relating solely to the determination of whether the guardian may serve in that capacity." (Emphasis added.) *Id.* at 42, 10 OBR at 306, 461 N.E.2d at 881. The proceedings in which Campbell was employed by Geoffry Kufchak, and for which he seeks payment, were proceedings to determine who would serve in the capacity of guardian of Jeffry's estate. We note that Campbell's former client, Geoffry Kufchak, at no time served as Jeffry's guardian. As such, Campbell is not entitled to payment pursuant to the standard set forth in *Wonderly*.

Furthermore, Campbell failed to demonstrate that his representation of Geoffry Kufchak in pursuit of the appointment as guardian was beneficial in any way to Jeffry's estate. Campbell maintains that Geoffry Kufchak's pursuit of the appointment "[e]nsured that [Jeffry's] estate would be protected from misappropriation by the guardian of the estate." However, he fails to offer any evidence in support of this conclusion. Upon review of the record, we find nothing to indicate that Geoffry Kufchak's participation in the proceedings provided a benefit to Jeffry's estate. Additionally, the probate court's order lacked any reasoning in support of its decision to award the fees.

■ We will reverse the decision of the probate court to award attorney fees in the event of an abuse of discretion. *In re Guardianship of Rider* (1990), 68 Ohio App.3d 709, 712, 589 N.E.2d 465, 466–467. An abuse of discretion connotes more than an error of law or judgment, but instead implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 22, 552 N.E.2d 202, 205. In the case *sub judice*, we believe that the probate court's decision was both unreasonable and arbitrary in that the court failed to offer any reasoning in support of its decision, and review of the record indicates that the decision is unsupported by the evidence. Accordingly, we find that the probate court abused its discretion in awarding attorney fees to Robert Campbell.

The guardian's sole assignment of error is sustained. The judgment of the Medina County Probate Court awarding attorney fees to Robert Campbell is reversed.

*Judgment reversed.*

BAIRD, J., concurs.

QUILLIN, P.J., concurs in judgment.

QUILLIN, Presiding Judge, concurring in judgment only.

Because I believe that the attorney had no standing to bring his own claim for attorney fees, I concur in judgment.