[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Appellant Steven Schiller has appealed from the probate court's denial of his application for attorney fees and expenses incurred in representing Betty M. Glassmeyer in a guardianship proceeding.
 {¶ 3} The guardianship proceeding was filed by Glassmeyer's former neighbor and was contested by Glassmeyer and two friends who were residents of Kentucky. The guardianship was contested over a period of approximately fourteen months. Ultimately, a guardian of Betty Glassmeyer's estate, but not her person, was appointed. Subsequently, Glassmeyer died.
 {¶ 4} Schiller sought attorney fees and expenses incurred in his representation of Glassmeyer in her attempt to oppose the appointment of a guardian. The probate court refused to award Schiller attorney fees and expenses, even though there was no opposition to his request by any party. Schiller's time records and his representation that the fees and expenses were reasonable and necessary were undisputed.
 {¶ 5} No party has opposed Schiller's appeal. Glassmeyer's executrix has entered an appearance in this court, giving notice that the Estate of Betty Glassmeyer "is in concurrence and agreement with the position of Appellant, Steven L. Schiller." Further, the executrix has stated that the fees and expenses were reasonable and that they benefited Betty Glassmeyer.
 {¶ 6} Schiller presents five "statements of issues presented for review," which we will consider as assignments of error. Essentially, Schiller argues that the probate court abused its discretion in refusing to grant his application for attorney fees and expenses.
 {¶ 7} An applicant for attorney fees must demonstrate that the legal services and expenses benefited the estate or the ward in order to be chargeable to the estate. See In re Guardianship of Wonderly (1984),10 Ohio St.3d 40, 461 N.E.2d 879. In determining whether attorney fees should be awarded for services rendered to a ward, the probate court should consider whether the attorney acted in good faith, whether the services performed were in the nature of necessaries and whether the actions benefited the guardianship. See In re Guardianship of Allen
(1990), 50 Ohio St.3d 142, 552 N.E.2d 934.
 {¶ 8} The decision of the probate court regarding attorney fees will be reversed only upon a determination that the court abused its discretion. See In the Matter of the Guardianship of Kufchak (1998),126 Ohio App.3d 428, 710 N.E.2d 748; Brown v. Haffey (1994),96 Ohio App.3d 724, 645 N.E.2d 1295; In re Guardianship of Rider (1990),68 Ohio App.3d 709, 589 N.E.2d 465. An "abuse of discretion" implies that the probate court's decision was unreasonable, unconscionable or arbitrary. See id. An abuse of discretion occurs when the order of the probate court is not supported by the record or is contrary to law. See Inthe Matter of the Settlement of Stillwell (Apr. 10, 2000), 12th Dist. No. CA99-06-112; In re Keller (1989), 65 Ohio App.3d 650, 584 N.E.2d 1312. The decision of the probate court must be based upon the reasonable value of the actual services performed by the attorney. See id.
 {¶ 9} Following a review of the record, we hold that the probate court's decision denying Schiller's application for attorney fees and expenses was unreasonable and was an abuse of discretion. Schiller's time records and his representation that the fees and expenses were reasonable and necessary were undisputed. The record demonstrates that the legal services were of benefit to Glassmeyer. No party has opposed Schiller's application in the probate court or on appeal. Glassmeyer's executrix supports Schiller's position in this appeal.
 {¶ 10} The probate court abused its discretion in refusing to award Schiller attorney fees and expenses. The first, second, third and fourth assignments of error are sustained. The fifth assignment of error is overruled because the alleged error is not demonstrated by the record transmitted to this court.
 {¶ 11} Therefore, the judgment of the probate court is reversed, and judgment is hereby entered in favor of Steven Schiller in the amount of $26,213.
 {¶ 12} Further, a certified copy of this Judgement Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Hildebrandt, JJ.