JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Jocelyn Conwell, formerly the attorney for Pamela Johnson, the administratrix and a beneficiary of the estate of Charlcia Poole, appeals from the decision of the Cuyahoga County Court of Common Pleas, Probate Division, to limit the attorney fees she sought to collect from the estate.
 {¶ 2} Appellant advances an assignment of error containing four "sub-issues" in which she argues that the probate court acted improperly in reducing both her hourly rate for services rendered and reducing her "billable hours." Appellant claims the court's decision is unsupported by the record.
 {¶ 3} This court, however, disagrees. Consequently, the trial court's decision is affirmed.
 {¶ 4} The record reflects that on May 27, 2003 appellant, acting on behalf of her client Pamela Johnson, filed an application in the probate court for authority to administer the estate of Charlcia Poole. The application placed the total value of the *Page 2 
estate at approximately $139,000.00. Johnson, her two siblings, and Laverne Parker and Betty Jean Gibson were named as the decedent's known survivors. The latter two women lived out of state.
 {¶ 5} On July 23, 2003 the probate court granted Johnson's application. On December 22, 2003 Johnson filed her inventory and appraisal of the estate, which appellant co-signed. At that time, they valued the estate in the amount of $140,827.45.
 {¶ 6} Each of Johnson's siblings signed a waiver of notice of a hearing on the inventory. Additionally, an Ohio attorney named "Lawrence R. Williams, Jr." signed a waiver of notice of a hearing on the inventory "for" the out-of-state heirs. On January 7, 2004, based on these documents, the probate court approved the inventory .
 {¶ 7} On March 29, 2004 appellant filed on Johnson's behalf an application to extend the estate's administration. The application stated "missing documentation * * * had to be located" and new estate assets had been discovered.
 {¶ 8} On May 26, 2004 the probate court approved the modifications. On August 25, 2004, after she secured a certificate of transfer for the estate assets from the court, Johnson filed a motion to amend those documents based on the misspellings of the out-of-state heirs' names. That same day, the probate court approved the amendments. *Page 3 
 {¶ 9} On October 29, 2004 appellant, on Johnson's behalf, filed another application to extend the administration. This time, she claimed the real property remained unsold, requiring Johnson to pay additional "maintenance fees." That same day, Johnson filed a partial fiduciary's account.
 {¶ 10} According to the account of disbursements, Johnson's expenditures from the estate's checking account totaled "$18,466.12," which included "money advanced to Attorney for incidental Administrative costs." Moreover, "$9,150.00" was expended from the estate's money market checking account for "attorney's fees for terminating the previous related Guardianship Estate."
 {¶ 11} Johnson attached an itemization of expenditures that listed the individual checks with their amounts. On December 13, 2004, relying on these documents, the probate court approved the partial inventory.
 {¶ 12} On October 19, 2005, the probate court received a letter handwritten by one of the out-of-state heirs; she requested Johnson's removal as the estate's administrator due, in part, to duplication of some checks listed in the partial account. The probate court referred the matter to a magistrate; he conducted the hearing on January 9, 2006.
 {¶ 13} On January 23, 2006 the magistrate issued his report. He noted that "Johnson stated that her attorney [appellant] prepared the [partial fiduciary's] account." Furthermore, the documentation demonstrated that Johnson paid *Page 4 
appellant "$9,150.00 in December 2003, and $9,800.00 in December of 2004." Johnson, however, remained unsure whether appellant filed an application with the court for attorney fees.
 {¶ 14} In view of the fact that the file lacked such an application, the magistrate recommended Johnson either obtain consents from the out-of-state heirs for these fees, or have appellant file an application for the attorney fees and request a hearing on the matter. He further recommended Johnson have thirty days to accomplish the task before the court terminated her administration.
 {¶ 15} The record reflects Johnson conveyed the message to appellant. On March 9, 2006 appellant filed an application for attorney fees. Appellant sought $9,000.00 for "dealing with the Guardianship" of the decedent, and $9,862.00 for "legal work involving th[e] estate." Appellant attached an itemized statement. Therein, she indicated she worked 60 hours on the guardianship, and 65.75 hours on the estate, each at a cost of $150.00 per hour.
 {¶ 16} On May 10, 2006 the probate court held a hearing on the matter. The record reflects the court discussed appellant's itemized fee statement with the attorneys. At the conclusion of the hearing, the court commented that only "the top probate lawyers in the county" would merit a fee of $150.00 an hour, and, additionally, the hours appellant expended on certain tasks was "absolutely excessive." *Page 5 
 {¶ 17} Subsequently, the probate court issued a journal entry that granted appellant a "reasonable amount of attorney fees for services rendered [to] the estate * * * in the amount of $3,000 for 30 hours of time computed at the hourly rate of $100 per hour," and attorney fees associated with the guardianship estate * * * to the extent of $4,000 computed at the hourly rate of $100 for 40 hours of time which the Court finds as reasonable for the services rendered."
 {¶ 18} Appellant filed her appeal from the foregoing order. Although she indicates she presents "one" assignment of error, it is not separately stated as required by App.R. 16(A)(3). Instead, "it" is separated into four sub-issues, and is set forth verbatim as written by appellant as follows.
 {¶ 19} "I.(A.) The trial court erred to the prejudice of the appellant, when it reduced appellant's hourly rate for "services rendered" to both the guardianship, and the estate, without indicating in its decision regarding reasonable attorney fees, any consideration for actual services provided by appellant, or whether or not the ward and/or estate benefitted therefrom.
 {¶ 20} "I.(B.) The trial court erred to the prejudice of the appellant, when it reduced the number of "billable hours" reflected in appellant's "itemization of services rendered", pertaining to both, the guardianship and the estate, without indicating in its decision regarding reasonable attorney fees, any consideration for *Page 6 
actual services provided by appellant, and whether or not the ward and/or estate benefitted therefrom.
 {¶ 21} "I.(C.) The trial court's reduction of appellants' hourly rate and number of hours, as to "services rendered" to both the "guardianship", and estate", was against the manifest weight of evidence in both instances, thereby constituting an abuse of the court's discretion, and accordingly, an unreasonable, unconscionable, and arbitrary decision in both instances.
 {¶ 22} "I.(D.) The probate court's reduction of appellant's hourly rate and billable hours, with regards to both the guardianship and estate was not supported by the record, and was contrary to law."
 {¶ 23} When distilled to its essence, appellant's argument is that, as to both the guardianship and the estate of Charlcia Poole, because the probate court did not actually hold an "evidentiary" hearing on the itemized statements she submitted for the court's approval, it abused its discretion when it decided to reduce not only the billable hours she reported, but the hourly rate she charged. She contends that neither her billable hours nor the fees she charged were excessive. This court disagrees.
 {¶ 24} Loc.R. 71.1(A) of the probate court provides that counsel fees "allowed as part of the expense for administering a decedent's estate, trust, or guardianship, shall be based on the actual servicesperformed by the attorney and the reasonable *Page 7 value of the services." (Emphasis added.) The reasonableness of attorney fees is examined under standards set forth in the Code of Professional Responsibility. See, e.g., Disciplinary Counsel v. Hunter,106 Ohio St.3d 418. 2005-Ohio-5411; In the Matter of Trust of Roe, Montgomery app. No. 20719, 2005-Ohio-4033.
 {¶ 25} The probate court's decision to allow "reasonable attorney fees" is a matter left within its sound discretion. Id., ¶ [25. The record in this case fails to reflect the probate court abused its discretion.
 {¶ 26} As to appellant's argument that the court acted improperly in failing to hold an "evidentiary hearing," the record reflects she failed to file any objection to the proceeding on this ground. Hence, she waived this argument for purposes of appeal. Schade v.Carnegie BodyCo. (1982), 70 Ohio St.2d 207. At any event, she herself submitted the itemized statement upon which the probate court based its decision, therefore, the court had no need to conduct an "evidentiary" hearing.
 {¶ 27} Moreover, the record reflects the probate court properly assessed the reasonableness of the fees by considering the factors set forth in DR 2-106(B). The court comments demonstrate it believed that: 1) neither the guardianship nor the estate presented difficult legal issues; 2) appellant did not qualify as an exceptionally experienced, "top" probate practitioner deserving of the highest hourly rate of pay; and, 3) the amounts of money involved in the guardianship and the estate did not warrant such a large portion of them to be allocated to appellant. Id. *Page 8 
 {¶ 28} Certain fees obviously were disallowed; for example, the probate court mentioned that according to her accounting, it took appellant "six hours to gather up papers" for the guardianship. Additionally, appellant charged the estate over $750.00 on the task of making copies. The court determined her decision to do herself what was essentially clerical work could not be claimed as either beneficial or necessary. In re: Wonderly (1984), 10 Ohio St.3d 40.
 {¶ 29} Based upon the record before this court, which does not include the file pertaining to the guardianship, this court cannot find the probate court abused its discretion in these matters. In re:Estate ofDixon (July 19, 2001), Cuyahoga App. No. 78607. Furthermore, the probate court's assessment is supported by the fact that this relatively simple estate required over three years to conclude.
 {¶ 30} For the foregoing reasons, appellant's "assignment of error" and its sub-issues are overruled.
 {¶ 31} The probate court's award of attorney fees is affirmed.
It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1