DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, James T. Stimler, appeals the decision of the Summit County Court of Common Pleas, Probate Division, awarding him $5,000 in attorney fees. This Court affirms.
 I. {¶ 2} Vina Bess is an 88-year-old woman currently under guardianship in the Summit County Probate Court. Mrs. Bess has two children: a daughter Phyllis A. Croghan, and a son, Paul Bess. Prior to the appointment of a guardian, the financial affairs of Mrs. Bess were handled by Phyllis Croghan pursuant to a *Page 2 
power of attorney. When Mrs. Bess's health deteriorated, Mrs. Croghan filed an application seeking to be appointed her mother's guardian. Mr. Bess objected to his sister's appointment as guardian. Prior to a hearing on the appointment of a guardian, the court appointed attorney Scott A. Stevenson as guardian ad litem to render a report as to the best interests of Mrs. Bess. The guardian ad litem recommended that an independent third party be appointed as guardian.
 {¶ 3} According to the guardian ad litem's report, there were three cases pending in the Summit County court system involving the parties in the present matter. The first case was the guardianship that is the subject of this appeal. The second case was a civil action brought by Phyllis Croghan against Paul Bess seeking the return of $75,000 that Mr. Bess withdrew from a joint and survivorship account titled in the names of Vina Bess and Paul Bess, and that is also the subject of this appeal. The third case was a lawsuit filed by Paul Bess against appellant for libel, slander, intentional infliction of emotional harm and malicious prosecution. Eventually, the parties withdrew their motions and the probate court appointed attorney George Wertz as Mrs. Bess's guardian. Mr. Wertz dismissed appellant and hired a different attorney to handle the collection case.
 {¶ 4} Appellant remitted a fee application for the amount of $46,892.71 for handling the collection case and the guardianship proceeding. This amount does not include fees received by appellant through earlier requests. Previously, *Page 3 
appellant was paid $33,389.00 for services rendered on the collection case, the guardianship case, and basic estate planning. Payment was made from the assets of Mrs. Bess prior to the appointment of a guardian pursuant to a power of attorney with Phyllis Croghan as the agent. A hearing on appellant's fee application was held on May 5, 2005. Following the hearing, the magistrate issued an order recommending that appellant be awarded $5,000.00 for his services.
 {¶ 5} Appellant filed objections to the magistrate's decision, appellee filed a response to appellant's objections, and both sides filed proposed findings of fact and conclusions of law. The magistrate issued a second decision, setting forth his findings of fact and conclusions of law, and again appellant filed objections. Appellant failed to file a transcript of the fee application hearing. This Court notes that appellee attached a transcript of the fee application hearing to his response to appellant's objections to the magistrate's decision. However, as the party objecting to the magistrate's decision, it was appellant's duty to provide a transcript of the fee application hearing.
 {¶ 6} The probate court held a hearing on appellant's objections on April 3, 2006. The probate court overruled appellant's objections and adopted the magistrate's decision, finding that appellant's services were reasonably worth an additional sum of $5,000.00. In its decision, the probate court noted that *Page 4 
appellant, the objecting party, had failed to provide a transcript as required by Civ.R. 53.
 {¶ 7} Appellant timely appealed the probate court's award, setting forth four assignments of error for review. Some of the assignments of error have been combined to facilitate this Court's review.
 II. ASSIGNMENT OF ERROR I "THE PROBATE COURT AND MAGISTRATE COMMITTED PREJUDICIAL ERROR BY FAILING TO APPLY THE CORRECT LEGAL STANDARDS RESPECTING THEIR EVALUATION OF THE REASONABLENESS AND VALUE OF THE LEGAL SERVICES OF VINA'S ATTORNEY SET FORTH IN THE FEE APPLICATIONS."
 {¶ 8} In appellant's first assignment of error, the thrust of his argument relates to allegations that the probate court erred in appointing a neutral guardian when his client withdrew her application for appointment. Appellant's assertions that his actions were beneficial to the estate are a veiled attempt to attack the underlying order of the probate court which appointed a neutral guardian. Neither side appealed the merits of this appointment. As such, appellant is precluded from attacking this decision in a collateral proceeding such as this one.
 {¶ 9} Appellant's remaining arguments all assert that his other activities were reasonable and necessary and that he should therefore be awarded the fees associated to those activities. This Court addresses appellant's contentions that the *Page 5 
trial court's fee award was erroneous in our discussion of appellant's following assignments of error. Appellant's first assignment of error is overruled.
 {¶ 10} Appellant's second, third, and fourth assignments of error raise common and interrelated issues; therefore, this Court addresses the assignments together.
 ASSIGNMENT OF ERROR II "THE PROBATE COURT'S ADOPTION AND AFFIRMATION ON SEPTEMBER 1, 2006, OVER OBJECTION, OF THE MAGISTRATE'S RULING OF DECEMBER 30, 2005 AWARDING STIMLER LAW OFFICES NOTHING ON THE COLLECTION CASE AND ONLY $5,000 ON [THE] GUARDIANSHIP CASE UNDER THE FEE APPLICATIONS SUBMITTED JANUARY 3, 2005 TO THE GUARDIAN WAS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THIS HIGHLY USUAL [sic] AND COMPLEX MATTER."
 ASSIGNMENT OF ERROR III "THE PROBATE COURT AND MAGISTRATE COMMITTED PREJUDICIAL ERROR BY OVERRULING THE MOTION OF VINA'S ATTORNEY TO EXCLUDE AND STRIKE THE TESTIMONY OF THE GUARDIAN'S EXPERT WITNESS AT THE FEE APPLICATION HEARING, AND THEN RELYING UPON THE TESTIMONY OF THE GUARDIAN'S EXPERT WITNESS TO SEVERELY REDUCE THE AWARD OF FEES TO STIMLER LAW OFFICES."
 ASSIGNMENT OF ERROR IV "THE PROBATE COURT AND MAGISTRATE ABUSED THEIR DISCRETION BY AWARDING VINA'S ATTORNEY ONLY $5,000 ON THE FEE APPLICATIONS SUBMITTED JANUARY 3, 2005 TO THE GUARDIAN IN THIS HIGHLY USUAL [sic] AND COMPLEX MATTER." *Page 6 
 {¶ 11} In appellant's second and fourth assignments of error, he challenges the probate court's decision as being against the manifest weight of the evidence. Therefore, appellant contends that the trial court abused its discretion in awarding him only $5,000 in attorney fees for the work he performed in this matter. In his third assignment of error, appellant contends that the probate court erred in overruling his motion to exclude and strike the testimony of the guardian's expert witness at the fee application hearing and relying on that testimony in reaching its decision as to the amount to award him in attorney fees.
 {¶ 12} In this case, appellant maintains that the trial court erred in affirming the magistrate's decision. However, appellant failed to file either a transcript or affidavit supporting the objection filed with the trial court.
 {¶ 13} The party who objects to the magistrate's decision has the duty to provide a transcript to the trial court. Weitzel v. Way, 9th Dist. No. 21539, 2003-Ohio-6822, at ¶ 17. In cases where a transcript is not available, however, Civ.R. 53(D)(3)(b)(iii) allows the objecting party to support its objections with an affidavit of all the relevant evidence adduced at hearing. Id., citing Galewood v. Terry Lumber SupplyCo. (Mar. 6, 2002), 9th Dist. No. 20770. Civ.R. 53(D)(3)(b)(iii) provides, in relevant part:
 "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." *Page 7 
In cases where the objecting party fails to provide a transcript or affidavit, this Court has held that the magistrate's findings of fact are considered established and may not be attacked on appeal. Haley v.Wilson, 9th Dist. No. 20967, 2002-Ohio-3987, at ¶ 5, citing Hale v.Hale (Jan. 26, 2000), 9th Dist. No. 2935-M.
 {¶ 14} Consequently, while timely objections to factual findings and legal conclusions preserve those issues for appeal, when no transcript has been filed, this Court is limited to determining whether the trial court's application of the law to the magistrate's findings of fact was an abuse of discretion. State ex rel. Duncan v. Chippewa Twp.Trustees (1995), 73 Ohio St.3d 728, 730. Moreover, the probate court is granted discretion to determine the reasonableness of attorney fees and such determination will not be overturned absent an abuse of discretion.In re Guardianship of Patrick (1991), 66 Ohio App.3d 415, 416. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 15} In the underlying case, appellant timely filed his objections to the magistrate's decision. With his objections, appellant requested leave to supplement the objections with the transcript once it was prepared. However, the *Page 8 
record reflects that appellant failed to provide the probate court with a transcript of the evidence from the fee application hearing until after the probate court had issued its ruling in the matter. Thus, this Court is precluded from considering the transcript of the fee application hearing.
 {¶ 16} When determining the appropriateness of an award of attorney fees, this Court is guided by the rationale contained in In re Estate ofWood (1977), 55 Ohio App.2d 67. In Wood, the court stated that the ultimate determination of the reasonableness of the requested fees requires an examination of the totality of the circumstances surrounding the activities performed. Id. at 73-74. The attorney seeking fees bears the burden of justifying his fees through the introduction of evidence of the services performed and of their reasonable value. Id. at 72.
 {¶ 17} In addition, the Supreme Court of Ohio held in In reGuardianship of Wonderly (1984), 10 Ohio St.3d 40, 42 that "[a]bsent a specific demonstration that the actions are beneficial to the estate or ward, a guardian may not be reimbursed from the estate for legal expenses incurred in proceedings relating solely to the determination of whether the guardian may serve in that capacity." In Wonderly, grandparents moved for attorney fees and court costs from their grandchildren's estates incurred by them in several actions through which they attempted to obtain custody of their grandchildren. In denying fees, the Court concluded that they had "offered no evidence whatsoever that the proceedings initiated by them were beneficial to the minors or their estates." Id. *Page 9 
 {¶ 18} In his decision, the magistrate made the following findings of fact which cannot be attacked on appeal as a result of appellant's failure to file a transcript. Appellant, by billing for the same work as an associate, had an effective billing rate of $325.00 per hour. This work should have been performed by one attorney. Moreover, the issues handled by appellant were not complex and that as a result the amount of time reported by appellant for these tasks was excessive. The magistrate also found that the work performed by appellant on the collection matter was "clearly excessive and did not result in any benefit to the estate of Vina Bess." The probate court further concluded that "[t]he amount of $33,389.00 already paid to [appellant] for work in connection with the litigation case against Paul Bess and the guardianship proceeding is adequate in view of the fact that [appellant], with regard to the litigation, produced no results and, in fact, was at least partially responsible for the extraordinary fees charged in that case and the exacerbation of the litigation."
 {¶ 19} Accepting these facts as true, this Court finds no error in the trial court's application of the law to the facts. As noted above, generally to recover fees they must be shown to be reasonable and necessary. The magistrate made a determination that appellant's fees were neither reasonable nor necessary. Moreover, to recover fees in an estate or guardianship proceeding it must be shown that a benefit accrued to the ward of the guardianship or to the estate. The magistrate found as a fact that no benefit accrued to the estate as a result of *Page 10 
appellant's activities. This Court finds, therefore, that the trial court did not err in its application of the law to the facts as found by the magistrate. Rather, the trial court appropriately appliedWood and Wonderly to reduce appellant's fees to $5,000. Accordingly, appellant's second, third, and fourth assignments of error are overruled.
 III. {¶ 20} Appellant's assignments of error are overruled. The decision of the Summit County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 11 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
SLABY, P. J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1