DECISION AND JUDGMENT
{¶ 1} Appellant, Suzanne Pietras, brings this accelerated appeal from the order of the Lucas County Court of Common Pleas, Probate Division, awarding attorney fees to an unsuccessful guardianship applicant.
 {¶ 2} Appellant and appellee, Carolyn Loch, are sisters. Their mother is 91 year-old Leocadia Bombrys. For a number of years, Leocadia Bombrys has exhibited progressively severe dementia, likely the result of Alzheimers.
 {¶ 3} In 2001, Leocadia Bombrys named appellee as her health care agent in a durable power of attorney. Shortly thereafter, on noting her mother's forgetfulness and *Page 2 
confusion, especially with respect to taking prescribed medicine, appellee retained a senior care service to provide non-medical assisted home care for her mother.
 {¶ 4} Appellant and a brother, John Bombrys, did not approve of the senior care service. John Bombrys characterized it as an expensive babysitting service. The decision to keep their mother at home strained an already tense relationship between the siblings.
 {¶ 5} In 2006, appellee decided that her mother's mental and physical condition had deteriorated to the point that it was no longer prudent that she remain at home. Appellee arranged for her mother to be admitted to a nursing facility with a dementia unit. Again, appellant and her brother disapproved.
 {¶ 6} On August 26, 2006, appellant petitioned to be appointed guardian of the person for her mother. On August 30, 2006, appellee filed a counter-petition to be appointed guardian of the person of Leocadia Bombrys.
 {¶ 7} The petitions were referred for a hearing before a magistrate who, following two days of testimony, concluded that the acrimony between appellant and appellee dictated the appointment of a disinterested third party to act as guardian of the person of Leocadia Bombrys. The decision of the magistrate was adopted by the court without objection.
 {¶ 8} Appellee subsequently requested that the court award her attorney fees for representation provided to her in the contested guardianship proceeding. Appellant responded, opposing such an award. Appellant insisted that it is improper to award *Page 3 
attorney fees to an unsuccessful guardianship petitioner. Alternatively, appellant suggested, both parties should be awarded attorney fees.
 {¶ 9} On these submissions, the court concluded that the services provided by counsel for both appellant and appellee, "* * * were beneficial to the guardianship as both parties were acting in good faith and attempting to ensure the best interest of their mother." The court granted both motions for fees.
 {¶ 10} It is from this decision that appellant now brings this appeal. In a single assignment of error, appellant suggests that the trial court's decision to award attorney fees was in error.
 {¶ 11} R.C. 2111.13 enumerates the duties of the guardian of the person:
 {¶ 12} "(A) When a guardian is appointed to have the custody and maintenance of a ward, * * * the guardian's duties are as follows:
 {¶ 13} "(1) To protect and control the person of the ward;
 {¶ 14} "(2) To provide suitable maintenance for the ward when necessary, which shall be paid out of the estate of such ward upon the order of the guardian of the person * * *."
 {¶ 15} One who is appointed guardian of the estate of a ward is statutorily directed to manage the estate for the best interest of the ward, pay just debts and defend suits against the ward and institute suits for the ward when it is in the ward's best interests. R.C. 2111.14
(B), (C), and (E). "It follows that a guardian of the estate * * * of the ward may employ legal counsel to initiate or defend a lawsuit on behalf of the estate or ward *Page 4 
and that the attendant legal expenses, including attorney fees and court costs, may be recovered by the guardian from the assets of the estate. "In re Wonderly (1984), 10 Ohio St.3d 40, 42. The right to bring suit, however, does not adhere to the guardian of the person-only, who has no statutory authority for such a venture. Maylin v. Cleveland PsychiatricInst. (1988), 52 Ohio App.3d 106, 108.
 {¶ 16} In the trial court and here, appellee maintains that on the authority of the durable power of attorney executed by her mother she acted as a de facto guardian since 2001. As such, she insists, as long as she satisfied the Wonderly requirement that "* * * any legal expenses incurred by the guardian of the person or of the estate must directly benefit the estate or the ward in order to be chargeable to the estate[,]" id. at 42, she should be entitled to her attorney fees. The trial court expressly found such a benefit and, pursuant to In reGuardianship of Rider (1990), 68 Ohio App.3d 709, 711-712, such a finding may not be overturned absent an abuse of discretion, according to appellee. There is nothing in the record, appellee insists, indicative of such an abuse of discretion.
 {¶ 17} Appellant responds that the record reflects only appellee's insistence that the attorney fees at issue were of direct benefit to the estate or the ward. Since the court held no hearing on the motion, appellant argues, its finding of a direct benefit was arbitrary, constituting an abuse of discretion. Moreover, appellant directs us toIn re Guardianship of Kufchak (1998), 126 Ohio App.3d 428, in support of her assertion that an unsuccessful applicant for guardian may not be awarded attorney fees. Finally, she *Page 5 
suggests that the notion of a "de facto guardian" is unsupported in law and that our endorsement of such a construct would imprudent.
 {¶ 18} Whether or not there may be such an entity as a de facto guardian is not dispositive in this matter. "The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code." R.C. 2101.24(C). The probate court has exclusive jurisdiction "[t]o appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts[.]" R.C. 2101.24(A)(1)(e).
 {¶ 19} When a guardian is appointed, absent a limitation of powers in the order of appointment, that person serves as both guardian of the person and guardian of the estate of an incompetent. R.C. 2111.06. If there is a bifurcation of these duties, each has a statutorily circumscribed set powers and responsibilities. R.C. 2111.13 provides that a guardian of the person is principally charged with the protection and control of the person of the ward. R.C. 2111.13(A)(1). The guardian of the person is also directed to provide proper maintenance of the ward, "* * * which shall be paid out of the estate of such ward upon the order of the guardian of the person[.]" R.C. 2111.13(A)(2).
 {¶ 20} The duties and responsibilities of the guardian of the estate are set forth in R.C. 2111.14. The guardian of the estate is expressly directed to manage the estate for the best interest of the ward, R.C. 2111.14(B), and "[t]o pay all just debts due from the ward out of the estate in his hands, collect all debts due to the ward, compound doubtful *Page 6 
debts, and appear for and defend, or cause to be defended, all suits against the ward; [and] [t]o bring suit for the ward when a suit is in the best interests of the ward[.]" R.C. 2111.14(C) and (E).
 {¶ 21} From these provisions is derived the conclusion that, "* * * a guardian of the estate of a minor or of the ward may employ legal counsel to initiate or defend a lawsuit on behalf of the estate or ward and that the attendant legal expenses, including attorney fees and court costs, may be recovered by the guardian from the assets of the estate."In re Wonderly, supra, at 42. The caveat to this conclusion is that any legal expenses incurred must directly benefit the estate or the ward and that there must be specific demonstration of this benefit. Id. More specifically, "[a]bsent a specific demonstration that the actions are beneficial to the estate or ward, a guardian may not be reimbursed from the estate for legal expenses incurred in proceedings relating solely to the determination of whether the guardian may serve in that capacity." Id.
 {¶ 22} In the present matter, we have two concerns. First, it is not clear that a guardian of the person only, let alone an unsuccessful applicant for guardian of the person, has the statutory authority to singularly request reimbursement of attorney fees. Nevertheless, since there is no statute expressly prohibiting such application, we shall defer to the "plenary power" of the probate court in such matters and conclude that the court may entertain such a request.
 {¶ 23} Our second concern relates to the specific demonstration that reimbursement for attorney fees incurred in the guardianship contest directly benefited *Page 7 
the ward. Although there were two days of hearings, no record of those proceedings has been included in the record. Appellee's application for attorney fees is a bare pleading, as are the objection filed by appellant and appellee's response. Consequently, there is no evidentiary material contained in the record which satisfies the "specific demonstration" of a benefit to the ward as mandated inWonderly. Absent such support, the decision of the probate court finding such benefit must be found arbitrary, making the award of fees premised on such a finding an abuse of discretion. See Berk v. Matthews (1990),53 Ohio St.3d 161, 168-169. Accordingly, appellant's sole assignment of error is found well-taken.
 {¶ 24} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Probate Division, is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT REVERSED. *Page 8 
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., Concur. *Page 1