**In re GUARDIANSHIP OF PATRICK.**

[Cite as *In re Guardianship of Patrick* (1991), 66 Ohio App.3d 415.]

Court of Appeals of Ohio,
Huron County.

No. H–90–55.

Decided Sept. 30, 1991.

*Dennis P. Levin,* for appellant.

*Vaughn A. Hoblet* and *Thomas J. Tucker,* for Society Bank & Trust.

---

*Per Curiam.*

This case is on appeal from the November 5, 1990 judgment of the Huron County Court of Common Pleas.

On June 24, 1987, the minor ward, Ted E. Patrick, was injured in an automobile accident. Shortly thereafter, the ward's father, Richard Patrick, contacted appellant, Levin & Levin, Inc., to discuss legal representation regarding the personal injury claim of the ward. Both parents signed the contingent fee agreement on July 1, 1987.

On June 11, 1990, Richard Patrick sought appointment as guardian of Ted E. Patrick. The court appointed Richard Patrick as guardian on June 22, 1990. The contingent fee agreement was not approved by the court.

After a settlement was negotiated for the personal injury suit, the court reviewed the settlement agreement. On November 15, 1990, the court found that the contingent fee agreement was not an enforceable contract because it was signed only by the parents, it was signed when the parents were under great mental stress, and was not approved by the court. Further, the court found that no oral contract had been entered into. Therefore, the court ordered that Jack Levin be paid the reasonable value of his services (60.95 hours × \$150 per hour, or \$9,142.50) rather than one-third of the \$90,000 settlement (\$30,000) plus costs and expenses advanced (\$423.50). Appellant sought an appeal from this judgment asserting the following sole assignment of error:

"The lower court judge abused its [*sic*] discretion in failing to award appellant 33⅓% of the settlement proceeds."

The probate court has jurisdiction to control the conduct of a guardian it appoints. R.C. 2101.24. A guardian may settle a personal injury claim of a minor, subject to the court's approval. R.C. 2111.18. The guardian may employ others, *i.e.,* an attorney, to assist him in fulfilling his duties. R.C. 2109.21(E), and 42 American Jurisprudence 2d (1969) 169, Infants, Section 183. However, a contingency fee agreement regarding a personal injury claim must be approved by the court prior to the agreement being entered into by the guardian. C.P.Sup.R. 39 and 40(H). There is no minimum or maximum fee that the court must approve. C.P.Sup.R. 40(H). Therefore, the probate court has the discretion to determine what fee is appropriate. We will not reverse the probate court's finding of an appropriate fee absent a showing of an abuse of discretion. The abuse of discretion standard requires that we find more than an error of law; we must find that the court's judgment reflects an

unreasonable, arbitrary, or unconscionable attitude. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

In this case, the trial court found that the reasonable value of appellant's services was $150 per hour. In this case, the approval of the fee was sought after settlement had been reached. Thus, the court could consider the hours of work performed and an hourly fee charged. We find that there is nothing in the record to suggest that the court's finding constitutes an abuse of discretion.

Accordingly, we find that no prejudicial error was made by the probate court and appellant's sole assignment of error is found not well taken. The judgment of the Huron County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the court costs incurred in connection with this appeal.

*Judgment affirmed.*

HANDWORK, P.J., ABOOD and MELVIN L. RESNICK, JJ., concur.