## In re GUARDIANSHIP OF PRINCE.

[Cite as *In re Guardianship of Prince* (1995), 104 Ohio App.3d 657.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68034.

Decided June 19, 1995.

*Scherner & Hanson, Robert E. Hanson* and *Hans Scherner,* for appellant, Shirley D. Prince, the guardian.

*Leonard Davis* and *Gordon K. Bolon,* for Shanita Prince, the minor ward.

PATRICIA A. BLACKMON, Judge.

Shirley Prince, plaintiff-appellant, appeals the probate court's denial of her application for authority to expend funds. Shirley Prince, as guardian for her minor child, Shanita Prince, sought authorization to pay litigation expenses arising from a medical malpractice action. Prince assigns the following two errors for our review:

"I. The probate court erred in not granting the guardian authority to expend funds sufficient to pay the full amount of the litigation expenses incurred during the preparation and trial of a legal action sounding in medical malpractice, which was brought on the ward's behalf, pursuant to a written agreement with counsel for the provision of legal services and with the knowledge of the probate court, to recover damages for mental and physical injuries suffered by the ward.

"II. The probate court further erred in not designating which litigation expenses the court considered to be inappropriate and which litigation expenses should be paid by the guardian pursuant to the authority granted by the probate court."

Having reviewed the record and the arguments of the parties, we reverse the decision of the trial court. The apposite facts follow.

Shirley Prince, plaintiff-appellant, is the mother of Shanita Prince ("Shanita"), a minor child who was born at Mt. Sinai Medical Center. Shanita was born with various medical problems, including retardation, spastic quadriparesis, and seizures. Shirley Prince filed a malpractice action against Mt. Sinai Medical Center ("Mt. Sinai") and several of her treating physicians. The action included claims for Prince and her husband, Clarence, and for Shanita. The Princes received a settlement offer from Mt. Sinai. The probate court appointed Shirley Prince as guardian for Shanita. Subsequently, she applied to the probate court for consent to settle Shanita's claim against Mt. Sinai. The probate court approved the settlement and authorized the payment of $480,000 in attorney fees to Scherner & Hanson, the firm that represented the Princes in the action.

After the settlement was reached with Mt. Sinai, the case continued against the individual doctors and ended in a defense verdict. Thereafter, Prince applied to the probate court for authority to pay the expenses incurred in the action. The expenses sought were as follows: Gordon Bolon, $2,633.39; Leonard Davis, $8,887.06; and Scherner & Hanson, $98,315.05. The matter was heard before a referee, who ruled that some of the claimed expenses were unreasonable and approved only $45,399.43 of the expenses. Prince's objections to the referee's report were overruled and the probate court adopted the referee's recommendations. This appeal followed.

The issue raised by this appeal is whether the probate court erred in adopting the referee's recommendations, thereby allowing only a portion of the litigation expenses claimed by Prince. The probate court must act in the best interests of the minor child when making decisions which affect the guardianship. See *In re Estate of Bednarczuk* (1992), 80 Ohio App.3d 548, 551, 609 N.E.2d 1310, 1312. The guardian also has the duty to manage the estate in the child's best interests. R.C. 2111.14(B). Under R.C. 2111.14(E), the guardian may file suit for her ward if the action is in the ward's best interests. *In re Guardianship of Jadwisiak* (1992), 64 Ohio St.3d 176, 180, 593 N.E.2d 1379, 1383. In connection with such filing, the guardian may retain an attorney to initiate the lawsuit. *Id.*

In *In re Guardianship of Patrick* (1991), 66 Ohio App.3d 415, 416, 584 N.E.2d 86, 88, the court held that a probate court has the discretion to determine the appropriate amount of attorney fees to be authorized in connection with the action brought by the guardian. In this case, Prince argues that the litigation expenses are separate from attorney fees and are not subject to the probate court's discretion. We disagree.

Prince sought authorization to pay the legal expenses out of Shanita's assets. The assets, which consisted of the proceeds of the settlement with Mt. Sinai, were under the control of the probate court. Legal expenses incurred in connection with an action filed on the minor's behalf may be recovered from the assets of the estate. *Jadwisiak*, 64 Ohio St.3d at 180–181, 593 N.E.2d at 1383. In *In re Guardianship of Wonderly* (1984), 10 Ohio St.3d 40, 10 OBR 304, 461 N.E.2d 879, the Ohio Supreme Court noted that *legal expenses* incurred in actions filed on behalf of the minor may be recovered by the guardian from the assets of the estate. However, the court found the legal expenses would not be chargeable to the estate unless they directly benefitted the estate or the ward. *Id.* at 42, 10 OBR at 305, 461 N.E.2d at 881. Consequently, a probate court may properly scrutinize the expenses incurred in litigation to ensure that they are necessarily incurred in order to serve the minor's best interests. In order to

fulfill its responsibility to the minor, a probate court must be allowed to scrutinize all expenditures from the minor's account, regardless of their characterization.

The parties' settlement agreement, which was approved by the probate court, provided that only the claims against Mt. Sinai were being dismissed. The action was still ongoing as to the other defendants. Prince argues that the probate court was aware of the continuation of the litigation and consented to the payment of expenses when it approved the settlement agreement with Mt. Sinai. We disagree.

The fee agreement between Prince and the lawyers specified that, in the event of no recovery, Prince would be liable for any expenses incurred during litigation. There is no evidence that the probate court ever agreed to allow Prince to pay the expenses out of Shanita's account. As is the case for any expenditure from Shanita's account, it was up to the probate court to decide if the expenses were incurred in furtherance of Shanita's interests. It was within the discretion of the probate court to disallow any expenditure found not to be beneficial to Shanita.

Having determined that the probate court may properly limit the amount of expenses for which it will authorize payment, we must now decide whether the probate court abused its discretion in adopting the referee's recommendation of the amount of the expenses that would be allowed. The abuse-of-discretion standard requires us to decide if the probate court's attitude was unreasonable, arbitrary or unconscionable. See *Castlebrook, Ltd. v. Dayton Properties, Ltd.* (1992), 78 Ohio App.3d 340, 346, 604 N.E.2d 808, 811. An abuse of discretion implies a decision that lacks any reasonable basis and is clearly wrong. *Scandinavian Health Spa, Inc. v. Ohio Civ. Rights Comm.* (1990), 64 Ohio App.3d 480, 488, 581 N.E.2d 1169, 1174.

The record reveals a detailed itemization of expenses. In this case, after conducting a hearing and reviewing the claimed expenditures and the supporting documentation, the probate court referee allowed only some of the claimed expenses, finding that "many of the expenditures are inappropriate." The referee also noted that the litigation for which the expenses were sought did not confer any benefit to Shanita's estate.

Nevertheless, a referee's report must contain enough information to enable the trial court to conduct an independent review of the issues decided by the referee. Civ.R. 53(E)(5). We find that the referee did not sufficiently state the basis for his decision. Although he stated that some of the expenses were inappropriate, he did not specify which expenses were allowed and which were disallowed. Without sufficient facts to indicate the basis for his conclusions, the trial court could not effectively review the propriety of the referee's recommendations. Under the circumstances, we find that the trial court abused its discretion by

adopting the referee's report. Consequently, we remand this case to the probate court for further findings of fact about which expenses were disallowed and additional information about the basis for its decision. The trial court's decision is hereby reversed and remanded.

The judgment of the probate court is reversed, and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

HARPER and NAHRA, JJ., concur.