**The STATE of Ohio, Appellee,**

v.

**GREGLEY; Bradley, Appellant.**

[Cite as *State v. Gregley* (1999), 133 Ohio App.3d 627.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 75223.

Decided May 24, 1999.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *John R. Kosko,* Assistant Prosecuting Attorney; *Emmett Moran,* for appellee.

*Forbes, Fields & Assoc., George L. Forbes,* and *Scott H. Schooler,* for appellant.

*Per Curiam.*

Attorney Granville H. Bradley appeals the judgment of the trial court that awarded him substantially less than the amount of appointed attorney fees set forth in the fee schedule adopted by the Cuyahoga County Court of Common Pleas. For the reasons set forth below, we reverse and remand for further proceedings.

On December 30, 1987, Duane Gregley was indicted for two counts of aggravated murder by prior calculation and design, attempted aggravated murder, carrying a concealed weapon, having a weapon while under disability, and unlawful possession of dangerous ordnance. At his arraignment, the trial court appointed Bradley and Emmett Moran to represent Gregley. The matter proceeded to a jury trial on June 3, 1998. Gregley was subsequently convicted of both counts of aggravated murder, attempted aggravated murder, carrying a concealed weapon and having a weapon, while under disability. He was sentenced on June 25, 1998.

After the matter was concluded, the administrative judge determined that Moran was not in compliance with Rule 20 of the Rules of Superintendence of the Courts of Ohio and awarded him zero dollars as appointed counsel fees. The court awarded Bradley $6,500.

Bradley asserted that pursuant to the schedule of appointed attorney fees promulgated by the Cuyahoga County Court of Common Pleas he was entitled to $12,500 for representing a capital defendant. He further indicated that he was unaware that Moran was not certified and that he diligently represented the defendant.

The trial court refused to modify its ruling, however, and Bradley now appeals, assigning a single error for our review.

Bradley's assignment of error states:

"The trial court erred in reducing Granville H. Bradley's attorney fees. His fees were reduced solely because Mr. Bradley's co-counsel was not certified to try a capital murder case. Mr. Bradley was so certified, and he had no control over the selection of his co-counsel. Therefore it was error to reduce his fee, and he is entitled to a fee of twelve thousand five hundred dollars ($12,500), plus expenses."

Within this assignment of error, Bradley asserts that the trial court erred in refusing to award him fees in compliance with the schedule adopted by the Cuyahoga County Court of Common Pleas. He maintains that the duty to

determine that both appointed attorneys in a capital case are properly certified is upon the trial court and that it is unfair to undercompensate one of the appointed attorneys when it is discovered that the other appointed attorney lacks proper certification.

As an initial matter, we note that we review this matter for an abuse of discretion. See, *e.g., In re Guardianship of Patrick* (1991), 66 Ohio App.3d 415, 416, 584 N.E.2d 86, 87–88. "The term 'abuse of discretion' implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 161, 656 N.E.2d 1288, 1292, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 223, 631 N.E.2d 150, 155.

We further note that the appointment of counsel in capital cases is governed by Sup.R. 20. The appointment procedure is as follows:

"(A) Appointing Counsel. Only counsel who have been certified by the Committee shall be appointed to represent indigent defendants charged with or convicted of an offense for which the death penalty may be or has been imposed. Each court may adopt local rules establishing qualifications in addition to and not in conflict with those established by this rule. Appointments of counsel for these cases should be distributed as widely as possible among the certified attorneys in the jurisdiction of the appointing court.

"(B) Workload of Appointed Counsel.

"(1) In appointing counsel, the court shall consider the nature and volume of the workload of the prospective counsel to ensure that counsel, if appointed, could direct sufficient attention to the defense of the case and provide competent representation to the defendant.

"(2) Attorneys accepting appointments shall provide each client with competent representation in accordance with constitutional and professional standards. Appointed counsel shall not accept workloads that, by reason of their excessive size, interfere with the rendering of competent representation or lead to the breach of professional obligations.

"(C) Notice to the Committee.

"(1) Within two weeks of appointment, the appointing court shall notify the Committee secretary of the appointment on a form prescribed by the committee. The notice shall include all of the following:

"(a) The court and the judge assigned to the case;

"(b) The case name and number;

"(c) A copy of the indictment;

"(d) The names, business addresses, telephone numbers, and Sup.R. 20 certification of all attorneys appointed;

"(e) Any other information considered relevant by the Committee or appointing court.

"(2) Within two weeks of disposition, the trial court shall notify the Committee secretary of the disposition of the case on a form prescribed by the Committee. The notice shall include all of the following:

"(a) The outcome of the case;

"(b) The title and section of the Revised Code of any crimes to which the defendant pleaded or was found guilty;

"(c) The date of dismissal, acquittal, or that sentence was imposed;

"(d) The sentence, if any;

"(e) A copy of the judgment entry reflecting the above;

"(f) If the death penalty was imposed, the name of counsel appointed to represent the defendant on appeal.

"(g) Any other information considered relevant by the Committee or trial court.

"(D) Support Services. The appointing court shall provide appointed counsel, as required by Ohio law or the federal Constitution, federal statutes, and professional standards, with the investigator, mitigation specialists, mental health professional, and other forensic experts and other support services reasonably necessary or appropriate for counsel to prepare for and present an adequate defense at every stage of the proceedings including, but not limited to, determinations relevant to competency to stand trial, a not guilty by reason of insanity plea, cross-examination of expert witnesses called by the prosecution, disposition following conviction, and preparation for and presentation of mitigating evidence in the sentencing phase of the trial." Sup.R. 20, Section IV.

The appointment rule "contemplates that each court or division will maintain a list from which appointments will be made. Lists of potential appointees would be required for appointments frequently made by a court or division, such as the appointment of counsel in criminal cases." Staff Note to Sup.R. 8. Accord Loc.R. 33, Part I, of the Court of Common Pleas of Cuyahoga County, General Division, which states:

"No attorney will be assigned to defend any indigent person in a criminal case unless his or her name appears on the applicable list of approved trial counsel. Any lawyer admitted to practice by the highest court of any state of the United States is eligible to have their name entered on the appropriate list after approval

of their application. The application shall identify the cases in which the applicant served as counsel, including the names of the parties, the courts in which the cases were tried, the court docket numbers, the names of the trial judges, the dates of the trials and other information as may be required by the court. The applications will be reviewed by the Administrative Judge of the General Division of the Common Pleas Court who shall make the final determination.

"The approved trial counsel list shall remain in effect for a period of two years ending on December 31 of odd-numbered calendar years. Counsel whose name appears on the approved trial counsel list shall file an application for renewal to · serve as appointed counsel in order to remain on the approved trial counsel list, to be filed no earlier than three months prior to, and no later than, the expiration of the approved trial counsel list then in effect. Counsel whose name appears on the approved trial counsel list, but who fails to timely file an application for renewal, shall be removed from the new approved trial counsel list until the filing of an original application to serve as assigned counsel and final approval by the Administrative Judge.

"In the interest of justice in a specific case, for good cause, the trial court may remove an assigned attorney as defense counsel."

As to payment of appointed counsel, R.C. 120.33 provides that in lieu of hiring a county public defendant, the board of county commissioners may adopt a resolution to pay appointed counsel.

The schedule of fees established in this county is set forth in Loc.R. 33, Part II, of the Court of Common Pleas of Cuyahoga County, General Division, which provides in relevant part as follows:

"The trial judge, after due consideration, shall determine the amount of compensation within the statutory limit in accordance with the following schedule:

| | MIN. COMP. | MAX.COMP. | |
|---|---|---|---|
| "Aggravated Murder with Specifications (Capital) | $2,000 | $12,500 | (1 Atty.) |
| | | $25,000 | (2 Attys.)" |

 From the foregoing, it is clear that the trial judge is charged with appointing counsel from the approved counsel list maintained by the court. It is therefore the trial judge who must determine whether counsel is properly qualified to serve as appointed counsel. The trial judge is also required to monitor the performance of appointed counsel and remove counsel if necessary. See Sup.R. 20, Sections III, V. Further, unless appointed co-counsel is a member of the Committee on the Appointment of Counsel for Indigent Defendants in Capital Cases, there is no way for him or her to know whether the other attorney is properly qualified. Moreover, case law is clear that there is no

presumption that ineffective assistance of counsel resulted from the fact that counsel was not properly certified to represent indigents, *State v. Misch* (1995), 101 Ohio App.3d 640, 651, 656 N.E.2d 381, 388–389, and the record in this instance fails to provide any other explanation for the lower court's refusal to compensate Bradley in accordance with the schedule adopted by that court. Accordingly, we conclude that the lower court abused its discretion in this instance. We therefore reverse the judgment of the trial court and remand for further proceedings in order that the court can make a reasonable attorney fees award.

*Judgment reversed*
*and cause remanded.*

DYKE, P.J., and BLACKMON, J., concur.

ROCCO, J., dissents.

ROCCO, Judge, dissenting.

I respectfully dissent from the majority's opinion in this case. The record is clear that Bradley professionally and skillfully represented the defendant in this matter. Nevertheless, the majority's opinion essentially maintains that, as a matter of law, a decision by a trial court to award less than the maximum permissible fee constitutes an abuse of discretion. I believe this interpretation is incorrect.

The Local Rules of the Cuyahoga County Common Pleas Court establish that an award of fees for one attorney representing a defendant for aggravated murder with specifications ranges from a minimum of $2,000 to a maximum of $12,500. The trial court awarded appellant $6,500. The record does not indicate the rationale behind the trial court's determination.

It is well settled that a reviewing court can presume regularity from a silent record. See, *e.g., State v. Johnson* (1995), 107 Ohio App.3d 723, 728, 669 N.E.2d 483, 486–487. Bradley was awarded fees in the amount of $6,500. He therefore received compensation that was nearly three and one-half times the amount of the minimum compensation that may be awarded. The majority opined that the lower court abused its discretion when it failed "to compensate Bradley in accordance with the schedule adopted by that court." Although the $6,500 awarded may not have been the *maximum* that Bradley could have received, it was in accordance with the schedule.

Moreover, although appellant refers to his "Motion, Entry, and Certification for Appointed Counsel Fees," there is no such document in the record; thus, this

court is unable to review appellant's breakdown of the hours that he spent in this matter.

For the above reasons, I respectfully dissent. I would hold that, in the absence of evidence regarding the trial court's reasons for its award, an award of fees within the permissible range for compensation as provided by the Local Rules of that court cannot amount to an abuse of discretion.