JOURNAL ENTRY OPINION
{¶ 1} Laura Muehrcke appeals from a judgment of the probate court denying her application to be appointed guardian of the estate of her minor child, Susan, and to settle claims on her daughter's behalf in connection with injuries sustained by her husband, Robert Muehrcke, in an automobile accident. On appeal, she contends that the court abused its discretion in denying her applications. For the following reasons, we have concluded the court acted within its discretion and we therefore affirm the judgment of the probate court.
 {¶ 2} The history of this case reflects that Robert Muehrcke, an orthopedic surgeon, sustained serious injuries in a motor vehicle accident in November 1996. Following a settlement with the tortfeasor's insurer, he filed claims against his insurer, the Indiana Insurance Company, on behalf of himself, his spouse, Laura, and his daughter, Susan. In June, 2001, a jury awarded $9,377,252 to Robert, $1,000,000 to Laura, and $500,000 to Susan, for a total of $10,877,252.
 {¶ 3} Subsequently, Robert and Laura settled with Indiana Insurance for $3,000,000; in addition, Indiana agreed to pay an additional $1,950,000 and $50,000 to Susan, subject to approval of the probate court.
 {¶ 4} On October 23, 2001, Laura filed an application seeking to be appointed guardian of her daughter's estate, and also a separate application to settle her daughter's claim requesting approval to settle Susan's claim for $5,000.
 {¶ 5} On December 12, 2001, at a hearing before a probate court magistrate, Laura orally amended the application to settle her daughter's claim requesting the court to approve a $50,000 settlement. During the hearing, Laura testified that she was unsure what portion of the settlement her daughter should receive; when asked what steps she would take to collect any settlement above $50,000, she indicated she would seek legal actions either against her attorney or against the insurance company; and she expressed her belief that any sum allocated to her daughter should be a low amount to ensure that the child would not be entrusted with a large sum of money when reaching the age of majority.
 {¶ 6} On January 15, 2001, the magistrate filed a report noting that the sum of $500,000 awarded to Susan by the jury equaled 4.6% of the total jury award of $10,877,252 in this case and that a 4.6% proration of the total settlement would equal $230,000, an amount significantly different from the amount urged in Laura's application. The magistrate found Laura's interest to be in conflict with that of her daughter because the less Susan received in the settlement, the more Laura and Robert would receive. Because of the unsuitability created by such monetary conflicts, the magistrate recommended the court deny Laura's application for appointment as Susan's guardian and consider appointment of an independent guardian; the magistrate also recommended the court dismiss Laura's application to settle Susan's claim.
 {¶ 7} Laura objected to the magistrate's report. The court, after stating that it had reviewed the file, overruled her objections and adopted the magistrate's report as the findings and conclusions of the court. Thereafter, the court appointed Richard Koblentz, Esq., as guardian of Susan's estate.
 {¶ 8} Laura now appeals and raises two assignments of error for our consideration, which we address jointly.
 {¶ 9} "I. The trial court erred to the prejudice of appellant, when it rejected her application for appointment of guardian without first allowing the appellant the opportunity to address the court's concerns and be bound by any additional conditions required of the court."
 {¶ 10} "II. The trial court erred to the prejudice of appellant, when it mathematically applied a percentage formula to arrive at its opinion of what constituted an acceptable settlement as opposed to applying equity to determine a fair amount."
 {¶ 11} Laura argues that the court should have given her notice of its concerns and afforded her an opportunity to accept conditions imposed by the court instead of rejecting her application to be appointed guardian of Susan's estate. The issue for our review concerns whether the court acted properly when it rejected her application to be appointed guardian of her daughter's estate.
 {¶ 12} R.C. 2101.24(A)(1)(e) grants the probate court exclusive jurisdiction to appoint and remove guardians. Furthermore, R.C. 2111.02(A) provides, in part:
 {¶ 13} "When found necessary, the probate court on its own motion or on application by any interested party shall appoint * * * a guardian of the person, the estate, or both, of a minor or incompetent * * *."
 {¶ 14} R.C. 2111.18 governs with the role of a guardian and the court in settlement matters:
 {¶ 15} "When personal injury, damage to tangible or intangible property, or damage or loss on account of personal injury or damage to tangible or intangible property is caused to a ward by wrongful act, neglect, or default that would entitle the ward to maintain an action and recover damages for the injury, damage, or loss, and when any ward is entitled to maintain an action for damages or any other relief based on any claim or is subject to any claim to recover damages or any other relief based on any claim, the guardian of the estate of the ward may adjust and settle the claim with the advice, approval, and consent of the probate court."
 {¶ 16} We recognize that R.C. 2111.08 provides, in part:
 {¶ 17} "The wife and husband are the joint natural guardians of their minor children and are equally charged with their care, nurture, welfare, and education and the care and management of their estates."
 {¶ 18} In the case of In re Estate of Bednarczuk (1992),80 Ohio App.3d 548, 551-552, the court interpreted this language where a minor's father objected to the appointment of the child's grandfather as guardian of the child's estate, claiming that as a biological parent, he had a statutory entitlement to be the guardian of his child's estate. The Twelfth District Court of Appeals determined that the statute does not create such an entitlement, but rather, distinguishes between a guardian of the person of the minor and a guardian of the minor's estate:
 {¶ 19} "The case law explicitly recognizes the importance of a biological parent's role in nurturing his children and in providing emotional support. This `paramount right of custody' is cited as the justification for requiring a greater showing of necessity for the appointment of a guardian of the person. See, e.g., In re Jewell [(Dec. 6, 1984), Athens App. No. 1190]. The law does not recognize a parallel entitlement of a parent to manage a minor's finances." Id. at 552.
 {¶ 20} And, the court summarized the standard in a review of guardian appointment:
 {¶ 21} "In matters relating to guardianships, the probate court is required to act in the best interest of the minor or incompetent. In reGuardianship of Elliott (Dec. 16, 1991), Madison App. No. CA91-01-002, unreported, 1991 WL 268238; In re Mahaffey (Jan. 20, 1987), Butler App. No. CA86-10-147, unreported, 1987 WL 5503. It is well settled that a probate court has broad discretion in appointing guardians and that decisions regarding the appointment of guardians will not be reversed absent an abuse of discretion. In re Mahaffey, supra. The term `abuse of discretion' means more than a mere error of law or judgment; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142." Id. at 551.
 {¶ 22} Under the facts of this case, the amount Susan would receive from the settlement is inversely proportional to the amount her mother would receive. Thus, the court exercised its discretion and acted in the best interest of the child when it decided that the monetary conflict of interest rendered Laura unsuitable to become the guardian of Susan's estate. Accordingly, we affirm the decision of the court denying Laura's request and appointing an independent guardian for Susan's estate. The first assignment of error is therefore overruled.
 {¶ 23} Laura also complains the court improperly applied a mathematical formula instead of applying equity to determine a fair settlement amount for Susan, alleging that she and Robert incurred $1,097,262.58 in litigation costs and $1,666,500 in attorney fees and that the $50,000 figure represents Susan's fair share of the total settlement less those expenses and fees.
 {¶ 24} A probate court has the discretion to determine the appropriate amount of attorney fees to be authorized in connection with an action brought by a guardian. In re Guardianship of Prince (1995),104 Ohio App.3d 657, citing In re Guardianship of Patrick (1991),66 Ohio App.3d 415. Furthermore, the probate court may properly scrutinize the expenses incurred in litigation to ensure that they are necessarily incurred in order to serve a minor's best interests. Prince, supra.
 {¶ 25} The record here reflects that the magistrate's report, which the court subsequently adopted, referenced the figure of $230,000 as representing 4.6% of the total five million settlement in this case. The court, however, did not finalize this amount as Susan's fair share of the settlement; rather, it merely noted that this figure is significantly different from the amount specified in the mother's application and it left the amount of Susan's share to be determined by an independent guardian subject to the court's approval. As the court has discretion to scrutinize legal expenses charged against the assets of the estate of the ward, the court did not abuse that discretion when it rejected Laura's request to settle Susan's claim for $50,000 and decided to appoint an independent guardian to ensure that Susan receives a proper settlement. Accordingly, this assignment of error is overruled and we affirm the judgment of the probate court.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Probate Court Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCURS; ANNE L. KILBANE, P.J., DISSENTS WITH SEPARATE DISSENTING OPINION.