OPINION
{¶ 1} Rita Bellamy ("Bellamy"), guardian of the estate of her mother, Rita Melton ("Melton"), appeals the March 17, 2003 judgment entry of the Lake County Court of Common Pleas, Probate Division, granting attorney fees and costs in the amount of $904.00 from Melton's estate. For the reasons set forth below, we affirm the trial court's decision in this matter.
 {¶ 2} Bellamy hired Patricia J. Schraff ("Schraff") to represent Bellamy in regards to the guardianship of Melton. On March 13, 2002, Bellamy filed a motion for approval of attorney fees in the amount of $4,164 ("first motion for fees"). Schraff's fees associated with this motion were $175 to $180 per hour. Bellamy, as the sole beneficiary to Melton's estate, consented to these hourly fees. The total professional hours billed were 36.9 hours, with the majority of the hours billed for a substantial change in the ward's estate stemming from the death of the ward's spouse. The court granted the motion, in full, on March 18, 2002.
 {¶ 3} On March 10, 2003, Bellamy filed another motion for approval of attorney fees in the amount of $897 ("second motion for fees"). Schraff's fees associated with this motion were $180 per hour. The total professional hours billed were 7.7 hours, with all the hours billed in regards to a preparation of a final account due to Melton's death. The court granted the motion on March 17, 2002, but only for $792. The trial court reduced Schraff's fees to $150 per hour, finding this amount to be reasonable for the services rendered.
 {¶ 4} Bellamy filed a motion to reconsider on March 31, 2003. The trial court conducted a hearing on Bellamy's motion on April 9, 2003. The trial court denied the motion to reconsider on April 17, 2003. In so doing, the trial court found that "extraordinary services were performed [to warrant granting the first motion for fees in full] due to the terminal diagnosis and death of the ward's spouse, Medicaid planning and the sale of the ward's real estate." The trial court further found that in regards to the second motion for fees, "no extraordinary services were provided" because the ward was no longer receiving income from the real property and because the services rendered were for simply preparing a final account.
 {¶ 5} Bellamy timely filed this appeal and raises the following assignment of error:
 {¶ 6} "The Trial Court abused its discretion to the prejudice of the appellant when it reduced the hourly rate of counsel from $180.00 an hour to $150.00 an hour without hearing."
 {¶ 7} In her sole assignment of error, Bellamy argues that the trial court "arbitrarily reduced the hourly rate of attorney fees without examining any of the factors in DR 2-106(B) or affording the undersigned counsel the opportunity of a hearing on her fees." Bellamy further asserts that the trial court failed to examine the totality of the services performed, rather than just the hourly rate of counsel, and that the trial court did not properly consider the factors outlined in DR 2-106. Bellamy further claims that $180.00 per hour is within the range of customary fees of the locality.
 {¶ 8} "[A] guardian of the estate of * * * the ward may employ legal counsel * * * and * * * the attendant legal expenses, including attorney fees * * *, may be recovered by the guardian from the assets of the estate." In re Guardianship ofWonderly (1984), 10 Ohio St.3d 40, 42, citing R.C. 2113.36; see, also, In re Guardianship of Patrick (1991), 66 Ohio App.3d 415,416 ("The guardian may employ others, i.e., an attorney, to assist him in fulfilling his duties.") (citations omitted). The probate court is granted discretion to determine the reasonableness of attorney fees and such determination will not be overturned absent an abuse of discretion. Patrick,66 Ohio App.3d at 416; Brown v. Haffey (1994), 96 Ohio App.3d 724, 729
(citations omitted); In re Guardianship of Escola (1987),41 Ohio App.3d 42, 47.
 {¶ 9} An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169 (citation omitted). Reversal, under an abuse of discretion standard, is not warranted merely because appellate judges disagree with the trial judge or believe the trial judge erred. Id. Reversal is appropriate only if the abuse of discretion renders "the result * * * palpably and grossly violative of fact and logic [so] that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v. Jenkins (1984),15 Ohio St.3d 164, 222 (citation omitted).
{¶ 10} There is no minimum or maximum attorney fee that thecourt automatically will approve. Sup.R. 71(H). Rather,"[a]ttorney fees in all matters shall be governed by DR 2-106 ofthe Code of Professional Responsibility." Sup.R. 71(A). Pursuantto DR 2-106(B), the following factors are "to be considered asguides in determining the reasonableness of a fee * * *:
 {¶ 11} "(1) The time and labor required, the novelty anddifficulty of the questions involved, and the skill requisite toperform the legal service properly.
 {¶ 12} "(2) The likelihood, if apparent to the client, thatthe acceptance of the particular employment will preclude otheremployment by the lawyer.
 {¶ 13} "(3) The fee customarily charged in the locality forsimilar legal services.
 {¶ 14} "(4) The amount involved and the results obtained.
 {¶ 15} "(5) The time limitations imposed by the client or bythe circumstances.
 {¶ 16} "(6) The nature and length of the professionalrelationship with the client.
 {¶ 17} "(7) The experience, reputation, and ability of thelawyer or lawyers performing the service.
 {¶ 18} "(8) Whether the fee is fixed or contingent."
 {¶ 19} Sup.R. 71(C) provides that "[a]ttorney fees may be allowed if there is a written application that sets forth the amount requested and will be awarded only after proper hearing." However, Sup.R. 71(D) provides that the "court may set a hearing on any application for allowance of attorney fees regardless of the fact that the required consents of the beneficiaries have been given." Thus, a hearing is not required when the beneficiaries have given consent to the fee.
 {¶ 20} In this case, Bellamy, as the sole beneficiary of Melton's estate consented to Schraff's attorney fee. Therefore, pursuant to Sup.R. 71(D), the trial court was not required to conduct a hearing on the matter. Moreover, the record reflects that the trial court did, in fact, conduct a hearing on the matter. While the hearing was held in regards to Bellamy's motion to reconsider, the subject matter of the hearing was the reasonableness of Schraff's fee.
 {¶ 21} Although Bellamy argues that the trial court is required to consider the totality of the services performed and not just the attorney fees, Sup.R. 71(A) only mandates that attorney fees rendered to a guardian be governed by DR 2-106. Moreover, the record reflects that the trial court did consider the totality of the services performed. While the trial court reduced Schraff's fees from $180 per hour to $150 per hour, the trial court did not reduce the other charges associated with the second motion for fees, including $267 for non-lawyer fees and $112 for costs.
 {¶ 22} The record further reflects that the trial court properly did consider the factors enumerated in DR 2-106. In its judgment entry denying the motion for reconsideration, the trial court cited the language of DR 2-106 and stated as follows:
 {¶ 23} "During the First Accounting extraordinary services were performed due to the terminal diagnosis and death of the ward's spouse, Medicaid planning and the sale of the ward's real estate.
 {¶ 24} "During the Second Account period no extraordinary services were provided. Additionally, the ward's estate diminished from $92,775.00 to $76,766.06. Additionally the ward was no longer receiving income from her real property, which had been sold. Accordingly, the Court reduced Ms. Schraff's hourly fee to $150.00 per hour.
 {¶ 25} "* * *
 {¶ 26} "In the case at bar, the time and labor was reduced during the second account period from the first account period. Moreover, during the second account period there were no novel or difficult questions noted and no extraordinary skill was required. Additionally, Ms. Schraff did not indicate that she was precluded from other employment by virtue of accepting this case.
 {¶ 27} "Locally, guardianship attorney fees vary greatly between $50.00 per hour to the $180.00 Ms. Schraff was awarded for her services during the first Accounting period. Generally, $150.00 is at the high end of the average attorney fees.
 {¶ 28} "As discussed above, the amount of the ward's estate was reduced during the second accounting period. Ms. Schraff performed some extraordinary services during the first accounting period for which she was compensated. During the second accounting period, no extraordinary services were performed and no extraordinary results were obtained.
 {¶ 29} "While Ms. Schraff has an excellent reputation, is well skilled and has over twenty years experience, other factors also contribute to the award of attorney fees."
 {¶ 30} This excerpt clearly indicates that the trial court considered six of the eight factors set forth in DR 2-106, with the other two factors inapplicable to this case. The record clearly supports the trial court's finding that the time and labor were reduced during the second accounting period and that there was no novel question or extraordinary skill required. The subject of the first accounting period required 31 attorney hours while the subject of the second accounting period only required 3.5 attorney hours. The amount of time required on the subject matter associated with the second motion for fees also supports the trial court's conclusion that Ms. Schraff was not precluded from other employment during this case. The record also supports the conclusion that no extraordinary results were obtained during the second accounting period as the task at hand was a simple preparation of a final account. Further, the judgment entry clearly demonstrates that the trial court considered Schraff's reputation and experience.
 {¶ 31} Although Schraff claims that, since the trial court does not cite to any evidence regarding the customary fees of the locality, it failed to properly consider this factor, Schraff fails to submit a record of the hearing.[1] We must presume the validity of the trial court's proceedings when an appellant fails to submit a sufficient record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Since Schraff had the burden of submitting sufficient evidence of the reasonable value of her services, Imler v. Cowan (1989),65 Ohio App.3d 359, 361, citing In re Estate of Verbeck (1962),173 Ohio St. 557, and since the record is devoid of any evidence submitted by Schraff regarding the customary fees of the locality, we must presume the validity of the trial court's decision. Thus, we must presume that the $150 fee was within the range of customary fees of the locality.
 {¶ 32} For the foregoing reasons, we cannot find that the trial court abused its discretion in reducing Schraff's fees in granting the second motion for fees. Bellamy's sole of assignment of error is, therefore, without merit. The decision of the Lake County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
O'Neill and Rice, JJ., concur.
[1] The record demonstrates that a recording of the hearing was not made and, thus, a transcript was not available. Schraff, however, fails to avail herself of other procedures of submitting a record, such as an App.R. 9(C) statement.