[Cite as *Simmons v. Lee*, 2016-Ohio-25.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103108

## ANTHONY SIMMONS

PLAINTIFF-APPELLANT

vs.

## MARILYN LEE, ET AL.

DEFENDANTS-APPELLEES

### JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Court Division
Case No. 2013-ADV-187843

**BEFORE:** Kilbane, J., Jones, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** January 7, 2016

**ATTORNEY FOR APPELLANT**

L. Bryan Carr
1392 SOM Center Road
Mayfield Heights, Ohio 44124

**ATTORNEY FOR APPELLEE**

Donald Butler
Donald Butler & Associates
Suite 600
75 Public Square
Cleveland, Ohio 44113

**Also Listed:**

**For Cuyahoga County Jobs and Family Services**

Timothy J. McGinty
Cuyahoga County Prosecutor
Stephen J. Neumeyer
Assistant County Prosecutor
P.O. Box 93923
Cleveland, Ohio 44101

**For Mildred Whitmore**

Donald C. Canestraro
Donald C. Canestraro Co., L.P.A.
15950 Libby Road
Maple Heights, Ohio 44137

MARY EILEEN KILBANE, J.:

{¶1} Plaintiff-appellant, Anthony Simmons ("Simmons"), appeals the judgment of the probate court that denied his motion for attorney fees to enforce a settlement reached in his petition to determine the heirs of the estate of Eddie Graves ("decedent"). Having reviewed the record and the controlling case law, we find no abuse of discretion and affirm the denial of Simmons's motion for attorney fees.

{¶2} The decedent died intestate on October 23, 2012. Marilyn Lee ("Lee") and Mildred Whitmore ("Administrator Whitmore") filed applications to administer the decedent's estate, designated Cuyahoga P.C. No. 2012 EST 181781. Lee subsequently withdrew her application, but on April 8, 2013, Lee and Roberta Lee ("Roberta") filed a declaratory judgment action in the probate court to determine whether they are beneficiaries of Graves's estate. This matter was designated Cuyahoga P.C. No. 2013 ADV 187857.

{¶3} Also on April 8, 2013, Simmons filed a petition to determine Graves's heirs, alleging that he is the "lawful, sole heir of the [d]ecedent." This matter was designated Cuyahoga P.C. No. 2013 ADV 187843. The following month, in May 2013, Simmons moved to intervene in Lee's declaratory judgment action.

{¶4} Simmons's action, Lee's action, and the estate proceedings were all consolidated by the probate court. In September 2014, Lee dismissed her declaratory judgment action, and on October 15, 2014, Simmons entered into a settlement agreement with Administrator Whitmore and the decedent's next of kin in the estate proceedings.

The next day, counsel for Simmons forwarded a written settlement agreement to Lee for signature. In response, Administrator Whitmore requested that the document be changed to include signature lines for all five heirs. Simmons revised the settlement agreement then forwarded it to Administrator Whitmore. The settlement agreement provided that Simmons was to receive $70,000, and further stated that

> [w]ithin seven (7) days of execution of this Agreement, Plaintiff shall prepare and file a Joint Notice of Dismissal of the Lawsuit with Prejudice, with costs to be borne by the Estate. All pending motions are hereby withdrawn as moot.

{¶5} On October 24, 2014, just nine days later, Simmons filed a motion to enforce the settlement agreement, complaining that he had not yet received his settlement proceeds. Within this motion, Simmons maintained that Administrator Whitmore had refused to sign the agreement, and he demanded attorney fees. The record indicates that by October 31, 2014, all of the heirs had signed the settlement agreement. Ironically, the line for Simmons's signature remained blank, however.

{¶6} Also on October 31, 2014, the Cuyahoga County Jobs and Family Services ("CCJFS"), formerly known as the Cuyahoga Support Enforcement Agency ("CSEA"), filed a motion to intervene in the estate proceedings and filed a motion for a temporary restraining order, in order to block Simmons's receipt of the estate funds pending his payment of a child support arrearage. Within this pleading, CCJFS asserted that Simmons owed a child support arrearage totaling $13,497.

{¶7} On November 4, 2014, Simmons, as the last signer, signed the agreement through counsel. On this same date, CCJFS entered into an agreed judgment entry with

Simmons and Administrator Whitmore. Under the terms of the agreed judgment entry, CCJFS retained $13,497 of Simmons's proceeds from the estate. The record also indicates that Simmons received his portion of Graves's estate on November 4, 2014. The next day, or after he had already received his settlement proceeds, Simmons filed a supplemental motion to enforce the settlement agreement maintaining that, absent his motion to enforce the settlement, "[d]efendants would not have complied." Simmons again demanded attorney fees, which now totaled $1,750.

{¶8} The motion for attorney fees was heard before a magistrate on April 6, 2015. The magistrate determined that an award of attorney fees was not warranted because, in the days immediately after Administrator Whitmore signed the settlement agreement, it was circulated to other family members for their approval. Then, the magistrate noted, on the date this approval was obtained, that CCJFS intervened in the action, necessitating additional proceedings to address the issue of Simmons's unpaid child support arrearage. The magistrate wrote:

> It is further the opinion of this Magistrate that a two-week delay while circulating the settlement agreement to five additional parties, one of which resides in California, is not unreasonable or cause for attorney fee sanctions. The original settlement agreement did not specify a distribution deadline and therefore the distribution approximately nineteen days later after the intervening Temporary Restraining Order was resolved, is not only reasonable, the magistrate finds it commendable.

**{¶9}** Simmons filed objections to the magistrate's decision in which he argued that he had incurred additional attorney fees because of "the Administrator's adamant refusal to comply with the settlement agreement."

**{¶10}** On May 12, 2015, the trial court overruled Simmons's objections and adopted the magistrate's decision. In relevant part, the court concluded:

> The Magistrate found, and this Court agrees, that the two-week delay accrued while circulating the settlement agreement to five additional parties beyond the [Administrator] one of whom lives in California, is not unreasonable or the cause for sanctions. As the original settlement did not specify a distribution date, the Court finds the Motion to Enforce Settlement Agreement with Request for Attorney Fees is not well-taken and should be denied.

**{¶11}** Simmons now appeals and assigns a single error for our review.

Assignment of Error

The Trial Court Erred in Denying the Appellant's Request for Attorney Fees in Connection with Appellant's Motion to Enforce Settlement.

**{¶12}** Within this assignment of error, Simmons argues that the trial court abused its discretion in denying his motion for attorney fees.

**{¶13}** A probate court is vested with discretion in ruling on a motion for payment of reasonable attorney fees. *In re Estate of Fugate*, 86 Ohio App.3d 293, 298, 620 N.E.2d 966 (4th Dist.1993). Generally, an award of attorney fees must be predicated on statutory authorization or upon a finding of conduct that amounts to bad faith. *In re Dye*, 12th Dist. Fayette Nos. CA2011-04-004, CA2011-04-005 and CA2011-04-006, 2012-Ohio-2570, ¶ 11, citing *Vance v. Roedersheimer*, 64 Ohio St.3d 552, 556,

1992-Ohio-89, 597 N.E.2d 153, and *In re Estate of Poling*, 4th Dist. Hocking No. 04CA18, 2005-Ohio-5147, ¶ 43. Thus, under normal circumstances, an attorney who is not employed by the administrator of the estate, would not be entitled to attorney fees, unless the party against whom the fees are to be assessed is found to have acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Wolk v. Wolk*, 7th Dist. Mahoning No. 98 CA 127, 2001-Ohio-3415, ¶ 14; *In re Dye*.

**{¶14}** On review, an award of attorney fees cannot be reversed absent an abuse of discretion. *In re Guardianship of Patrick*, 66 Ohio App.3d 415, 416, 584 N.E.2d 86 (6th Dist.1991). An abuse of discretion is more than an error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *In re Estate of Brady*, 8th Dist. Cuyahoga No. 88107, 2007-Ohio-1005. Moreover, when applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court.

**{¶15}** In this matter, although the basis for Simmons's motion for attorney fees is Simmons's "untimely" receipt of his settlement proceeds from the estate, the record indicates that only 19 days elapsed from the October 15, 2014 settlement until his November 5, 2014 receipt of funds. In this time period, the proposed settlement was presented to multiple family members, including a family member residing in California, for review and signature. At the very end of this short period of review, CCJFS apprised the probate court that Simmons had a child support arrearage and sought to intervene in the action. The court immediately permitted CCJFS to intervene on October 31, 2014.

Simmons's dispute with CCJFS over his child support arrearage was settled on November 4, 2014. Also on November 4, 2014, Simmons, through counsel, was the last heir to sign the settlement agreement, agreeing that "[a]ll pending motions are hereby withdrawn as moot." He then received his settlement funds.

{¶16} From all of the foregoing, we therefore conclude that the trial court acted well within its sound discretion in denying Simmons's motion for attorney fees. There is no evidence in the record that Administrator Whitmore acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Moreover, the delay in obtaining settlement proceeds was nonexistant because of the prompt review of other beneficiaries, followed by CCJFS efforts to satisfy Simmons's child support arrearage. Indeed, Simmons did not sign the settlement agreement until November 4, 2014, and was the last party to do so. Further, by signing the agreement, Simmons agreed that "[a]ll pending motions are hereby withdrawn as moot." Simmons's supplemental motion for attorney fees, filed after he had already received his funds, was likewise without merit because this motion raised the same issue that Simmons had previously waived.

{¶17} The assignment of error is without merit.

{¶18} Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., A.J., and
MELODY J. STEWART, J., CONCUR